WIGGINTON, Judge.
This appeal is from an order modifying the provisions of a final decree by reducing the amount of alimony required to be paid appellant by appellee. It is contended that the chancellor abused his discretion and acted in disregard of established principles of law in rendering the order appealed.
From the record it appears that after twenty years of marriage the appellee husband sued appellant wife for divorce. At that time appellee was an officer in the United States Air Force earning a monthly salary of $1,050.00. Four living children were born of the marriage between the parties, one son of college age and three minor daughters ranging in age from nine to sixteen years. After institution of the action the parties entered into a comprehensive agreement by which they amicably settled their respective interests in property accumulated by them during their marriage. It was agreed that in the event a decree of divorce was rendered in the cause, the custody of the minor children would be awarded to a relative of the husband living in Alabama, and that the husband would pay monthly a sum of $150.00 for the support of these children. The agreement further provided that the husband would pay as alimony for the support and maintenance of his wife the sum of $200.00 per month, and provide her with a home in which to live so long as she remained unmarried. This agreement was introduced in evidence and fully incorporated in the final decree rendered by the court in which the husband was awarded a divorce from his wife. The final decree was rendered on February 16, 1965.
On or about May 4, 1965, appellee husband filed in the cause a motion praying that the final decree be modified in several *622 material respects. He alleged that the relative to whom the custody of his minor children had been awarded by the final decree was no longer able to care for them| and therefore prayed that their custody be awarded to him as their natural father. His motion alleged that since the rendition of the divorce decree he had remarried and was now living with another wife who was willing to share the responsibility of caring for the children. The motion further alleged that appellant wife was not fully utilizing the privilege of occupying the home as permitted by the terms of the final decree of divorce, and prayed that appellee be relieved from making any further payments on the mortgage encumbering the home; that the home be ordered sold and the net proceeds divided between the mov-ant and his former wife. Finally, the motion alleged that the cost of caring for his minor children whose custody he thereby sought would be greater than the $150.00 per month previously paid to his relative for their care and support, and therefore prayed that the amount of alimony required to be paid appellant be reduced from $200.00 per month to the sum of $100.00 per month for all future time.
The evidence reveals that appellee husband’s income from his employment is exactly the same as that which he was receiving at the time he entered into the property settlement agreement with his former wife and when the final decree of divorce was rendered in February of 1965. To support his prayer for reduction in alimony, appellee offered in evidence what purported to be a schedule of his expenses, showing a monthly expenditure of $1,038.31. It will be noted that this amount almost equals his monthly income before payment of alimony to his former wife. An examination of the record reveals that such schedule of purported monthly expenses includes numerous substantial items of a nonrecurring nature, as well as other expenses which by any reasonable standard would be considered nonessential. It was based upon this evidence that the chancellor awarded appellee husband the custody of the three minor children born of the marriage of these parties, ordered the home whose use had theretofore been awarded appellant wife be sold and the net proceeds divided equally between appellant and ap-pellee, and reduced the amount of alimony payable to appellant from $200.00 to $100.00 per month, all as prayed for in appellee’s petition for modification.
As noted above, the evidence fails to-establish any material change in appellee’s financial condition which will justify a reduction in the alimony which he agreed to pay to his wife by the agreement they entered into during their divorce proceedings, and which was ordered to be paid by the final decree rendered in that suit. The fact that his remarriage has created additional financial obligations for him is no justification for reducing the amount of alimony awarded to his former wife. Upon the sale of the home which he agreed to furnish his former wife so long as she remains unmarried, he will be relieved from making further monthly payments in reduction of the mortgage indebtedness encumbering that property and, in addition, he will further benefit from the share of the net proceeds to be derived from a sale of that property. Even though it may be conceded that the expense of maintaining and caring for his minor children will increase as they grow older, this is an expense which he prayed the court for permission to assume when he asked for their exclusive care and custody. Furthermore, any such additional expenses required for their necessary maintenance and support are obligations which the law requires him to discharge regardless of whether he had their custody or the custody was placed with another.
In the case of Fowler v. Fowler,[1] this court commented upon the heavy burden a husband must assume in seeking modi *623 fication of a divorce decree awarding alimony to his wife as follows:
“The statute authorizes modification of an alimony decree only upon a clear showing that the circumstances of the parties or the financial ability of the husband have changed since the entry of the decree. Where the amount of alimony decreed is based upon an agreement freely entered into between the parties, a heavier burden rests upon the husband to justify a modification. A reduction of the husband’s income on any account will not in itself justify a modification in the alimony requirements of the decree. Husband’s financial incapacity to continue the payment of alimony in the amount ordered by the decree must be shown if the court is to make such order as justice and equity may require. * * * ”
The foregoing principle was adopted and followed by the Second District Court of Appeal in the case of Glass v. Glass.[2] In reversing an order modifying the alimony provisions of the final decree rendered in that action, the court held:
“The record shows no evidence that the ability of the husband to pay has changed except for a statement by the husband that at the present time he could not pay $75.00 per week. This is not justification for a modification of an alimony decree as contemplated by the cases cited above. Therefore, that part of the decree which reduces the total amount of the payments to $55.00 and terminates the husband’s obligation to pay alimony is reversed.”
It is our conclusion and we so hold that the evidence in this case falls far short of supporting that portion of the modification order appealed herein which reduced the husband’s alimony obligations from $200.00 to $100.00 a month. In this respect, the order appealed is reversed and the cause remanded with directions that an amended order be entered consistent with the holding and views herein expressed.
RAWLS, C. J., and CARROLL, DONALD, K., J., concur.

. Fowler v. Fowler (Fla.App.1959), 112 So.2d 411, 414.

. Glass v. Glass (Fla.App.1964), 166 So.2d 487, 488.