275 So.2d 30 (1973)
Beverly A. BLOEMENDAAL, Appellant,
v.
Stanley D. BLOEMENDAAL, Appellee.
No. 72-678.
District Court of Appeal of Florida, Fourth District.
March 16, 1973.
Fred D. Leone of Law Offices of George Ritchie, Cocoa, for appellant.
Edward J. Richardson, of Saxon & Richardson, Melbourne, for appellee.
WALDEN, Judge.
This is an appeal of an order modifying an alimony award. We have examined the record on appeal and do not find any substantial change supporting the downward modification reflected here. We reverse.
The husband petitioned for modification, essentially arguing that several things which he expected to happen at the time the parties entered into their agreement had not come to pass: 1) a sale of his property fell through and a corporation he owned dissolved, 2) two business ventures collapsed. He testified also that he had to borrow substantial sums in the last year and has had a $28,000 judgment entered against him.
The record reveals that defendant's salary is the same now as it was when the parties entered into their agreement. At the time of the agreement he was receiving no income from the business ventures which did not turn out as he expected, nor does he now receive any income from them. The $28,000 judgment against him was for his wife's attorney fees arising from the divorce, which he was aware that he owed at the time of the property settlement. Some of the husband's recent loans were renewals of obligations existing at the time he entered into the property settlement. Others were to finance new business deals.
The property settlement when it is entered into is to be reflective of the parties' actual situation, not their situation as they expect it to be at some future date. See Henderson v. Henderson, Fla.App. 1969, 226 So.2d 699; Chastain v. Chastain, Fla. 1954, 73 So.2d 66. The record in this case does not clearly indicate a substantial change in the husband's actual financial situation  only that his expectations were *31 not met. This is not grounds for modification. The trial court judge abused his discretion in modifying the award.
Reversed and remanded.
REED, C.J., and MAGER, J., concur.