301 So.2d 781 (1974)
Sylvia Gail HOWELL, Appellant,
v.
Clifton L. HOWELL, Jr., Appellee.
No. 73-742.
District Court of Appeal of Florida, Second District.
September 27, 1974.
Rehearing Denied November 7, 1974.
*782 Gerry R. Gordon, Rousseau, Wilkinson, Gordon & Lawrence, Tampa, for appellant.
Harry E. King, King, Howell & Kaylor, Winter Haven, for appellee.
BOARDMAN, Judge.
The final judgment of dissolution of the marriage of the parties to this action was entered on May 11, 1972. The final judgment provided, inter alia, that the appellee would pay the appellant $700 per month as alimony and child support in the sum of $150 per month for each of the parties' two children. The record shows that the final judgment was drafted by the appellee, a practicing attorney, and, apparently, was to his satisfaction at that time. On April 18, 1973, the appellee petitioned for modification alleging the acquisition by the appellant of $10,000 from the sale of the former marital home and that the appellant was capable of securing permanent employment. The trial judge accepted said facts as constituting a change of circumstances justifying a reduction of the alimony payments, and, after hearing, entered the order from which this appeal followed. The order of modification, inter alia, reduced alimony to $500 per month for a period of six months, after which the award was to be further reduced to $350 per month. Upon a review of the record, we conclude that there was not a sufficient showing of a change in circumstances to warrant the trial court's ruling. The sale of the former marital home was contemplated at the time of dissolution.
The appellant's health, education and training, which allegedly rendered her capable of securing permanent employment, were known to the appellee and do not reflect any significant change from the time of the entry of the dissolution. We do not think that the fact that the appellant was employed for one month and earned $500, standing by itself, is sufficient reason to modify the original judgment.
Appellant also contends the awarding of $500 to her in attorney fees is unreasonable. A review of the record reveals that this amount is consistent with the evidence before the trial judge and, therefore, will not be disturbed.
The appellee has been paying appellant the amount of money provided in the modification order and the appellant did not request a stay of the provision of *783 the modification order pending appeal. Accordingly, we conclude that it would be equitable that the original alimony of $700 per month be reinstated prospectively upon the issuance of our mandate.
Affirmed in part and reversed and remanded in part for the entry of an order consistent with this opinion.
McNULTY, J., concurs.
HOBSON, Acting C.J., dissents with opinion.
HOBSON, Acting Chief Judge (dissenting).
I think the record is sufficient to uphold the trial court's order.
Therefore, I respectfully dissent.