PER' CURIAM.
Appellant, former husband of appellee, seeks reversal of an order denying his petition for modification of property settlement.
The marriage between appellant, Sydney Levine, and appellee, Rachel Levine, was dissolved on March 3, 1972, and incorporated into the dissolution judgment was a property settlement which provided in pertinent part that (1) Rachel have custody of their minor son; (2) Sydney pay $75 per week alimony and $50 per week child support; (3) in the event Sydney’s income exceeded $20,000, Rachel would receive 15% of the excess, i. e. 71^'% as child support • and 7j^% as alimony; and (4) under no circumstances would the alimony or child support be reduced unless there is a substantial decrease in Sydney’s adjusted gross income. In September 1972 Sydney' developed cardiomyopathy, a disabling form of heart disease, and as a result he became totally disabled and was forced to give up his medical practice. He began receiving $2,550 per month under his professional disability policy, $100 per month pension from the Veterans Administration (VA) and $268 per month in social security benefits. In addition, his minor son and second wife were each receiving $106.80 per month from the Social Security Administration as dependants of a disabled person. On February 4, 1974 Sydney filed a petition for modification and prayed that (1) he be awarded custody of their minor son inasmuch as by agreement of the parties the child presently was residing with him, and (2) the alimony payments be terminated on the ground that he is permanently and totally disabled from any gainful employment. Rachel filed a response to the petition and a motion to punish for contempt for, inter alia, being in arrears in alimony payments. By order of July 3, the chancellor changed the custody of the minor son from Rachel to Sydney and found that there was no child support payments due Rachel. At final hearing on June 5, 1975 the chancellor found that Sydney had a net yearly income of $20,000 at the time of the dissolution of his marriage to Rachel and presently has a net income of $30,600 per year, plus the VA pension and social security benefits; whereas, Rachel, who holds a master’s degree, is employable only in her present capacity as a jewelry craftsman and earns $70 per week. Thereupon, he entered the appealed order denying the petition for modification and directed Sydney (1) to make the back payments of alimony, (2) to continue to pay Rachel weekly alimony of $75, (3) to pay an amount equal to 7Vi% of his disability income (over $20,-000) other than that received from the VA and Social Security Administration, (4) to pay Rachel’s attorney’s fees, and (5) to pay the sum of $860.95 pursuant to that clause of the settlement agreement wherein he consented to pay the existing debts incurred by the parties up to and including the date of the signing of the agreement. Appellant primarily contends the chancellor erred in failing to find there was a substantial change of circumstances warranting a termination of alimony. We cannot agree.
The record reflects appellant’s income has increased, not decreased and, thus, the chancellor was correct in denying appellant’s petition to terminate alimony. *383 See Adams v. Adams, Fla.App.1973, 273 So.2d 794; Bloemendaal v. Bloemendaal, Fla.App.1973, 275 So.2d 30; Osman v. Osman, Fla.App.1973, 280 So.2d 67.
We also considered appellant’s remaining points on appeal and conclude that appellant has failed to demonstrate an abuse of discretion on the part of the chancellor.
We further find that appellee in her cross-appeal has failed to demonstrate an abuse of discretion on the part of the chancellor.
Affirmed.