330 So.2d 89 (1976)
Norman O. REESE, Appellant (Husband),
v.
Carol H. REESE, Appellee (Wife).
No. W-199.
District Court of Appeal of Florida, First District.
March 19, 1976.
Rehearing Denied April 27, 1976.
*90 Arthur T. Boone and Gordon H. Lee, Jacksonville, for appellant.
Keith M. Deal and Gregory K. Crews, Jacksonville, for appellee.
MILLS, Judge.
The husband appeals from an order denying his petition for modification of a final judgment entered in a divorce case.
The issue is whether the trial court erred in refusing to set aside the permanent alimony awarded to the wife by the judgment.
The judgment, which was entered in 1967, adopted the terms of a stipulation and agreement which provided that the husband would pay alimony of $600.00 a month to the wife for life. At that time, the husband had a taxable income of $40,000.00 a year. The wife was unemployed. The husband was required to pay $250.00 a month for the support of a minor son. In addition, the wife was made irrevocable beneficiary of the proceeds from a pension plan provided by the husband's professional association.
Seven years later, at the modification hearing, the evidence disclosed that the husband's taxable income had increased to $46,000.00, although he was suffering from hypertension which required that he reduce the number of hours he worked. The wife was employed and earned a net of $160.09 a week for ten months of the year. Additional education was required for her to maintain this earning capacity. She was in good health and had a master's degree in speech therapy. The son, for whom the husband was required to pay $3,000 a year support, had reached majority and become self-supporting. The wife agreed that she be eliminated as the irrevocable beneficiary of the husband's pension plan. The wife testified, without contradiction, that she and the husband entered into the stipulation and agreement with the understanding that it would be necessary for the wife to become employed in order to supplement the permanent alimony.
Under these circumstances, the trial court did not abuse its discretion in denying the petition for modification and in refusing to set aside the alimony payable to the wife. The husband did not show a substantial change in his circumstances. In fact, the evidence showed the husband's financial condition had improved. Although the wife's financial condition had also improved, this was contemplated by the parties at the time the stipulation and agreement was signed by them.
AFFIRMED.
BOYER, C.J., and MELVIN, WOODROW M., Associate Judge, concur.