350 So.2d 1158 (1977)
Ludmila R. ASHBURN, Appellant,
v.
Milton S. ASHBURN, Appellee.
No. 77-244.
District Court of Appeal of Florida, Second District.
October 26, 1977.
Joseph R. Park, Clearwater, for appellant.
Jerry H. Center of Cobbey, Jendrynski & Center, Clearwater, for appellee.
PER CURIAM.
Appellant/respondent, Ludmila R. Ashburn, appeals an order modifying a final judgment dissolving her marriage with appellee/petitioner, Milton S. Ashburn.
Upon review of the record, which we believe is adequate to decide the legal issue presented here, and after consideration of the briefs and oral arguments of counsel for the respective parties, we hold that the trial court erred in light of existing Florida case law in reducing the alimony payments awarded to appellant from $400 per month to $300 per month. The final judgment of dissolution of marriage provided in pertinent part:
4. Petitioner shall pay $400.00 per month to respondent as alimony, until the respondent remarries, dies, or until there is a substantial change of circumstances, in which event the amount of alimony may be modified or, if appropriate, terminated. Alimony payments shall commence on November 1, 1975, and shall be paid on the first of each month thereafter.
.....
6. The parties shall sell, as soon as practicable, the marital house located at 2307 Vanderbilt, Clearwater, Florida. The respondent, however, shall not be required to surrender possession of said house prior to January 1976, and any sale of said house shall be made subject to this condition. Until the respondent surrenders possession of said house, she shall pay all mortgage payments, taxes, and insurance expense on said house that accrue after the date of this final judgment. 1975 taxes shall be paid from the net proceeds of the sale of the house, before the proceeds are divided between the parties. If either party pays said taxes prior to closing, he or she shall be reimbursed from the proceeds of said sale.
The question for this court to decide is whether, as stated in the final judgment, appellee has demonstrated a substantial change in circumstances. The burden to do this was upon appellee. We think he has not carried it. From reading the provisions of the final judgment the parties were well aware, as was the trial court, that the sale of the marital home was contemplated after January 1976. In Howell v. Howell, 301 So.2d 781 (Fla.2d DCA 1974) we held that a change of circumstances, that is receipt of the proceeds from the sale of the marital home, is not a substantial change if it had been contemplated in the final judgment. Therefore, the order appealed is modified *1159 by deleting paragraph 2 thereof which provided:
2. The husband's Motion for Modification is granted to the following extent and for the reason that the wife is to receive, or has received, approximately $8,000 from the sale of the former marital home:
Paragraph 4 of the Final Judgment entered October 22, 1975 is hereby modified to read as follows:
Petitioner (MILTON S. ASHBURN) shall continue to pay the sum of $400.00 per month to respondent (LUDMILLA [sic] R. ASHBURN) as alimony until January 1, 1977, at which time the alimony shall be reduced to $300.00 per month as alimony, until the respondent remarries, dies, or until there is a substantial change of circumstances, in which event the amount of alimony may be modified or, if appropriate, terminated. The court shall recall petitioner's Motion for Modification after July 1, 1977 for a review and determination of appropriate order at that time.
At oral argument we were informed by counsel that appellant had received the $8,000 referred to in the above order.
The order modifying the final judgment dissolving the marriage of the parties is reversed as to the issue before us and affirmed in all other respects.
AFFIRMED in part and REVERSED in part.
BOARDMAN, C.J., and HOBSON and OTT, JJ., concur.