352 So.2d 559 (1977)
Ida A. Felicione COE, Appellant,
v.
Harry Lee COE, III, Appellee.
No. 76-1850.
District Court of Appeal of Florida, Second District.
November 30, 1977.
William J. Castagna of MacKenzie, Castagna, Bennison & Gardner, Clearwater, for appellant.
Sondra Goldenfarb, Joseph G. Donahey, Jr., Clearwater, for appellee.
PER CURIAM.
Wife appeals an order reducing alimony and contends that the evidence was insufficient to support modification of the final judgment entered on the parties' dissolution agreement. We agree and reverse the order of modification.
Wife filed for dissolution of marriage in the spring of 1973. The parties entered into a dissolution agreement which provided: that wife retain custody of the only child of the marriage, for the visitation rights of the husband, for child support, for property division, and for alimony. That portion of the agreement concerning alimony directed:
"That the husband, Respondent, shall pay to the wife, Petitioner, and as for alimony the sum of $500.00 no later than the third day of each and every month of each year from January through April and $550.00 per month for the months of May through December each and every year." (emphasis supplied)
Final judgment was entered on this agreement. Final judgment incorporated the agreement by reference and
"ORDERED that during the months from January through April of each year, the respondent, Harry Lee Coe III, shall *560 pay to petitioner, Ida A. Felicione Coe, the sum of $500.00 per month, as alimony; that during the months from May through December of each year, alimony shall be increased to $550.00 per month; that alimony payments herein shall commence on November 3, 1973, and continue monthly thereafter."
Approximately two years later, husband filed a petition for modification of that portion of the final judgment. The part of the petition which concerns us here sought termination of alimony because the child had entered school and wife was now available to resume employment as a teacher. Wife had ten years of teaching experience but had not worked since before the birth of the child. Husband's position at hearing on the petition was that termination of alimony was proper 1) because the understanding of the parties at the time of the agreement was that alimony would terminate once wife was available for work, and 2) because wife's availability for work, coupled with husband's financial burdens, constituted a substantial change of circumstances.
Husband has failed to prove that the agreement envisioned termination of alimony once the child entered school. There is no indication of such an intent from the face of the agreement. The parol evidence admitted concerning this understanding was the testimony of the parties. Husband testified that he didn't "recall any conversation on this line one way or the other" at the time of agreement. On the contrary, wife's testimony emphasized that at the time of agreement, she expected to receive alimony in the amount specified in the agreement and that she expected "to receive it continuously without any time limit, maybe until (she) remarried or died... [N]o where did (she) ever stipulate in the proceeding that (she) wanted to go back to work." There is no competent substantial evidence upon which the court below could find that the parties intended a reduction in alimony once the child entered school.
Husband has failed to prove any substantial change of circumstances entitling him to relief from the alimony provision of the final judgment entered in accordance with his agreement. Husband argues that he is currently suffering economic hardship. It is clear from the record that any hardship results from husband's increased spending. Husband testified that if his salary has changed since entry of final judgment, the change was an increase in his salary. From the record it appears that the only involuntary diminution of husband's financial well-being was a $1,500 loss occasioned when his automobile burned in 1974. In light of husband's salary, $36,000, this loss presented no significant change of circumstances warranting modification.
Husband's showing, that the child has entered school and consequently wife has more "free time" which she could devote to employment, also fails to prove any substantial change of circumstances warranting a reduction of alimony. Wife was not working at the time of the hearing on husband's motion. Wife's income or expenses have not been shown to have changed since entry of final judgment. Husband agreed to pay the unreduced amount of alimony through an instrument which not only fails to provide for reduction when the child starts school, which was a readily foreseeable eventuality, but also provides for payment of alimony "each and every year." [See Waller v. Waller, 212 So.2d 352 (Fla.3d DCA 1968), where the trial court was held not to have erred in refusing modification of the judgment entered on a dissolution agreement providing for alimony, even though the wife had found employment and the teen-aged children required less home supervision.] Wife's health, education, training, and availability for work once the child started school were known to husband at the time he entered into the dissolution agreement, and do not reflect any significant change of circumstances since judgment was entered on husband's agreement. Howell v. Howell, 301 So.2d 781 (Fla.2d DCA 1974).
The changes of circumstances, alone and collectively, are insufficient to warrant reduction of alimony. Husband having failed *561 to carry his heavy burden in seeking modification of a final judgment entered on a dissolution agreement, the order of the court below reducing alimony must be and is hereby reversed. Tsavaris v. Tsavaris, 307 So.2d 845 (Fla.2d DCA 1975).
HOBSON, Acting C.J., and SCHEB, J., and McNULTY, JOSEPH P. (Ret.), Associate Judge, concur.