393 So.2d 22 (1981)
Vera June FLOYD, Appellant,
v.
Paul Brian FLOYD, Appellee.
No. 80-953.
District Court of Appeal of Florida, Second District.
January 7, 1981.
*23 Gary W. Barrick, Lakeland, for appellant.
No appearance for appellee.
DANAHY, Judge.
The appellant/wife contends the trial judge abused his discretion in (1) reducing alimony and child support and (2) setting specific visitation rights. We reverse as to alimony and child support. We affirm as to the visitation rights.
The final judgment dissolving the marriage of the parties ratified and incorporated their property settlement and child custody agreement which included permanent periodic alimony for the wife, child support for the children, and reasonable rights of visitation with the children. Six and one-half months later the husband filed a petition to reduce child support, terminate alimony, and set specific visitation rights. The husband attempted to demonstrate changed circumstances by claiming his expenses had increased by virtue of his military reassignment from Korea  where he was stationed at the time of the original dissolution proceedings  to Fort Gordon, Georgia. He testified he had certain expenses at Fort Gordon which he did not have while stationed in Korea. However, the trial judge specifically found that the husband's expenses in connection with his transfer to Fort Gordon either were contemplated or should have been contemplated at the time he signed the agreement.
We hold that the trial judge abused his discretion in reducing child support and alimony where the evidence showed that the current financial condition of the husband was contemplated by the parties at the time of the stipulation and agreement. Ashburn v. Ashburn, 350 So.2d 1158 (Fla.2d DCA 1977); Coe v. Coe, 352 So.2d 559 (Fla.2d DCA 1977). Furthermore, the needs of the children have not diminished and the husband did not demonstrate a substantial change in the circumstances of either party. Where, as here, the awards in the final judgment were based on an agreement of the parties, the obligor has a heavier burden in seeking a reduction of payments than is otherwise required. We find that the husband in this case failed to carry that burden. Burdack v. Burdack, 371 So.2d 528 (Fla.2d DCA 1979).
We do not find that the trial judge exceeded the permissible limits of his discretion when he modified the final judgment *24 to grant the husband specific times of visitation with the children. A trial judge is vested with wide discretion in determining whether to modify visitation privileges, and the scope of appellate review is limited. Therefore, we affirm that part of the order concerning visitation. Purvis v. Carter, 326 So.2d 40 (Fla. 4th DCA 1976).
AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the trial court for entry of an order consistent with this opinion.
SCHEB, C.J., and RYDER, J., concur.