SCHEB, Acting Chief Judge.
Stephanie Mastrilli appeals the trial court’s order granting her former husband’s motion for modification of alimony. We reverse.
The trial judge approved and incorporated the parties’ Marital Settlement Agreement in the final judgment of dissolution of marriage filed October 17, 1983. This agreement provided that the husband would pay the wife $200 per month in rehabilitative alimony until July of 1986. As a condition for receiving the alimony, the wife agreed to pursue at least three courses per semester at the college of her choice, or in the alternative, to obtain vocational training of her choice during the three year rehabilitative period. If she ceased to pursue her educational or vocational training during the three year period, except for summer vacations, the alimony would be permanently terminated.
The husband owned two automobiles. The agreement provided that the husband would make the monthly payments on a *378 1983 Toyota Tercel for the rehabilitative period. He agreed to transfer the title to this car to the wife whether or not she complied with the school attendance provisions. The husband retained ownership of the 1973 Toyota Célica which had been driven over 100,000 miles when the agreement was signed.
Nine months after the final judgment of dissolution was entered, the husband petitioned for modification of his alimony obligations. He alleged that the wife had breached the Marital Settlement Agreement by failing to successfully complete the three college courses in the 1984 spring semester. Further, he alleged that his financial situation had changed substantially.
At a hearing on November 28, 1984, the husband testified he believed the wife had breached the agreement because she received a “W”, or withdrawal, in the math class taken at St. Petersburg Junior College. He acknowledged that the agreement did not contain a clause requiring the wife to successfully complete classes.
The wife testified that the math course, which was a prerequisite to higher level math courses, was self-paced. To pass the course during a semester, a booklet had to be completed. If the booklet was not completed, a “W” was given as a grade and the student was allowed to finish the course in the next semester. She introduced a letter from her math instructor explaining the course’s concept and verifying her explanation. The instructor wrote that the wife had only four absences during the semester.
The wife explained she had always experienced difficulty with math because she had suffered some brain damage at birth. In the fall of 1984, based in part on her inability to master mathematics, she enrolled in a one-year floral design course at St. Petersburg Vocational School.
In support of his allegation of a substantial change of circumstances, the husband cited four factors which adversely affected his financial status. First, in July, 1984, he began repaying his guaranteed student loan at $185 per month. Second, he noted the loss of his wife as an exemption for tax purposes. Third, he said he had recently purchased a 1982 automobile for $7,000 because he needed a more reliable vehicle than the 1973 Célica for his job. Finally, the husband pointed to his inability to find reliable roommates who would pay their share of housing expenses.
The trial judge found a breach of the Marital Settlement Agreement because the wife received a “W” in the math course. He noted that he taught at St. Petersburg Junior College and a “W” was really an “F”. The judge said that while he was not taking judicial notice of the college’s grading process, nevertheless he was aware of it. The judge also found that the husband had experienced substantial changes in his financial circumstances.
The trial judge ruled that the wife would continue to receive rehabilitative alimony for no more than one year from enrollment in the floral design course so that she could complete that program. He ordered the $200 monthly alimony and monthly car payments on the Tercel terminated as of September 16, 1985. The wife’s timely appeal ensued.
The wife contends that the trial court erred in finding that she breached the Marital Settlement Agreement and that the husband established a substantial change of circumstances. We agree on both points.
The terms of the marital agreement allow the wife to pursue college courses or, alternatively, vocational training. As the husband recognized, the agreement does not contain a successful completion clause. Further, the record reflects that the wife made a good faith effort to abide by the agreement. Thus, the trial court erred in finding she breached the agreement. Moreover, since the husband’s payments on the Tercel were not contingent on the wife’s completion of schooling, the trial court erred in terminating the car payments as of September 16, 1985.
Furthermore, the trial court erred in finding a substantial change of circum *379 stances in the husband’s financial condition. Concerning the first factor that the husband alleged adversely affected his financial status, the husband admitted that he was aware payment on his student loan would begin in July, 1984, when he signed the agreement. Moreover, he also knew that the bank was not legally obligated to extend this loan. See Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981).
The three remaining factors were all matters that the husband should have been aware of when he signed the agreement. Id. Thus, the husband failed to meet his burden of proof for modification of the marital agreement’s terms. Id.
Finally, although the evidence revealed that the wife now receives $200 per month from her father, it also showed that she has incurred considerable medical expenses. Therefore, the husband did not establish a substantial change in the wife’s needs to warrant modification of the agreement’s alimony provisions.
Accordingly, we reverse and remand for reinstatement of the original provisions of the Marital Settlement Agreement as incorporated in the final judgment filed October 17, 1983.
DANAHY and CAMPBELL, JJ., concur.