PER CURIAM.
This cause is before us on appeal and cross appeal from an order modifying a property and settlement agreement adopted in a final judgment of dissolution of marriage. We affirm in part and reverse in part.
We affirm the trial court’s decision not to modify the provision in the agreement regarding retirement benefits, and reverse the trial court's decision to reduce by one-half the house payment to the former wife which was being made by the former husband.[1]
To modify the final judgment, the complaining party must show a change of circumstance not present and contemplated at the time of the final judgment. Ashburn v. Ashburn, 350 So.2d 1158 (Fla. 2d DCA *805 1977); Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981).
In this case, the court inappropriately relied on the former wife’s remarriage to support the modification. The parties expressly stated in the separation and property settlement agreement which was incorporated in the final judgment, “[t]he parties agree that payment of the additional support will not abate with the remarriage of the wife.” It is clear that the parties contemplated the remarriage of the former wife at the time of the final judgment. Accordingly, we reverse that portion of the order modifying the final judgment.
BOOTH, C.J., and SMITH and WENT-WORTH, JJ., concur.

. The agreement incorporated into the final judgment of dissolution required that "as additional support for the Wife, the Husband shall continue to make monthly mortgage payments thereon in the amount of $479 per month." The order modifying the final judgment stated, in pertinent part: “Paragraph 4C of the agreement of the parties providing for alimony payment of $479 per month for house payment, the Court does hereby increase child support from $600 per month to $840 per month and the remainder of the $479 per month payment is hereby terminated.”