527 So.2d 858 (1988)
Dorothy P. GALLIGHER, Appellant,
v.
James L. GALLIGHER, Appellee.
No. 87-843.
District Court of Appeal of Florida, First District.
June 10, 1988.
*859 Albert H. Mickler, Jacksonville, for appellant.
Daniel D. Richardson, Jacksonville, for appellee.
BARFIELD, Judge.
Dorothy Galligher appeals an order modifying the amount of permanent alimony provided by a final judgment of dissolution which had been based upon a settlement agreement. We reverse.
The parties were divorced in 1981, the terms of the final judgment predicated upon an agreement which provided that the husband would pay the wife all of his U.S. Navy retirement check and his Veteran's Administration check, $180 to be considered child support and the balance "including any increases which shall accrue with the passage of time" to be considered permanent alimony,[1] and that when the child support terminated, the alimony would automatically increase by that amount. At the time of the dissolution, the husband was a postal employee earning $7.00 per hour and reported an annual salary of $21,139 in addition to his retirement benefits; the wife was working full-time as an admitting clerk at a hospital earning $4.28 per hour.
In 1987, the husband filed a motion to modify the final judgment, asserting that the wife "has progressed substantially in her career, and has established a position of financial security" and that due to his age and general physical condition, he was no longer able to work overtime and to provide for his own needs while continuing to pay the agreed upon alimony. He admitted at the hearing that although overtime was no longer available, his salary had increased to $27,088.88 and his pay rate to $10.50 per hour, and that he had not seen a doctor since 1983 and had not taken prescription medicine for some time.
*860 The wife asserted that her health was poor, that her job title and duties had remained the same, that the increase in her salary to $14,340.48 had resulted from incremental wage adjustments and her change to the night shift, that she had no other skills, and that the husband had remarried and had acquired substantial assets since the dissolution.
The trial judge modified the final judgment of dissolution to provide for payment of alimony at the original rate, but without the increases which had accrued since the final judgment. We find that under the particular circumstances of this case, the husband has not demonstrated a substantial change either in the wife's need for support or in his ability to pay which would justify modification of the alimony provision.[2]
Where the agreement between the parties in a dissolution of marriage goes beyond settlement of property rights and provides for payment of alimony by one spouse to the other, the amount to be paid may be modified upon a showing of a substantial change in the circumstances of one or both parties, a "heavy burden" which is increased by the fact that the agreement was freely entered into by the parties.[3] In determining the rights of the parties in such a proceeding for modification, the trial court should compare the total circumstances at the time of the original order with all the current circumstances, and the court should take into consideration all the relevant factors, including the underlying purpose of the agreement and the intent of the parties, whether the alleged changes were contemplated at the time of the agreement, and the parties' previous and present standards of living, earning capacities, income and needs.[4]
The fact that the income of the spouse receiving alimony has increased will not necessarily justify modification of the award. Other factors must be considered, including the nature of the award, the receiving spouse's need, the other spouse's ability to pay, and the health of the parties.[5] Income alone is not necessarily the test in determining ability to pay alimony, and the paying spouse's capital assets must also be considered.[6] Evidence that the cost of living with a second spouse exceeds the paying spouse's earnings, which are the same as or greater than his earnings at the time of the dissolution, does not justify modification of alimony. Misfortune or a sharp decline in income is the criterion.[7]
The trial judge is given broad discretion in the determination of whether the circumstances of the parties have substantially changed so as to justify modification of the final judgment, and ordinarily his ruling will not be disturbed absent an abuse of that discretion. However, taking all of the circumstances of these parties into account, we cannot find that the husband *861 has demonstrated a substantial change in the wife's need for support or in his ability to pay the amount of alimony to which the parties agreed at the time of the dissolution of their marriage.
The order modifying the final judgment of dissolution is therefore REVERSED.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] At the time of the agreement, these two checks amounted to $750 per month; at the time the husband requested modification, they had increased to $893.47 per month.
[2] See Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981); Freeland v. Purcifull, 347 So.2d 726 (Fla. 2d DCA 1977); Howell v. Howell, 301 So.2d 781 (Fla. 2d DCA 1974); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974); Carmel v. Carmel, 282 So.2d 6 (Fla. 3d DCA), cert. den. 288 So.2d 257 (Fla. 1973); Bloemendaal v. Bloemendaal, 275 So.2d 30 (Fla. 4th DCA 1973); Knight v. Knight, 205 So.2d 353 (Fla. 2d DCA 1967); Bagley v. Bagley, 182 So.2d 621 (Fla. 1st DCA 1966); Fowler v. Fowler, 112 So.2d 411 (Fla. 1st DCA 1959).
[3] Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Bess v. Bess, 471 So.2d 1342 (Fla. 3d DCA 1985), rev. dism. 476 So.2d 672, rev. den. 482 So.2d 347 (Fla. 1986); Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. den. 370 So.2d 460 (Fla. 1979), appealed after remand, 400 So.2d 32 (Fla. 3d DCA 1981); Ohmes v. Ohmes, 200 So.2d 849 (Fla. 2d DCA 1967); Nixon v. Nixon, 200 So.2d 263 (Fla. 3d DCA 1967); Fowler v. Fowler, 112 So.2d 411 (Fla. 1st DCA 1959).
[4] Floyd v. Floyd, 393 So.2d 22 (Fla. 2d DCA 1981); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA), rev. den. 392 So.2d 1375 (Fla. 1980); Coe v. Coe, 352 So.2d 559 (Fla. 2d DCA 1977); Hagen v. Hagen, 308 So.2d 41 (Fla. 3d DCA 1975); Howell v. Howell, 301 So.2d 781 (Fla. 2d DCA 1974); Scott v. Scott, 285 So.2d 423 (Fla. 2d DCA 1973); Fort v. Fort, 90 So.2d 313 (Fla. 1956).
[5] Linn v. Linn, 464 So.2d 614 (Fla 4th DCA 1985); Freeland v. Purcifull, 347 So.2d 726 (Fla. 2d DCA 1977); Reese v. Reese, 330 So.2d 89 (Fla. 1st DCA 1976).
[6] Chastain v. Chastain, 73 So.2d 66 (Fla. 1954).
[7] Schiff v. Schiff, 54 So.2d 36 (Fla. 1951); DeBowes v. DeBowes, 12 So.2d 118 (Fla. 1943).