IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TALBERT JOHN WOOD,

  Appellant,

v.

MARGARET BLUNCK,

  Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-51

Opinion filed November 24, 2014.

An appeal from the Circuit Court for Clay County.
Daniel F. Wilensky, Judge.

Brian P. North of Kenny Leigh & Associates, Mary Esther, and Stefani K. Nolan, and Shachar D. Spiegel of Kenny Leigh & Associates, Jacksonville, for Appellant.

Clyde M. Taylor III of Taylor, & Taylor, P.A., St. Augustine, and L. J. Arnold IV of Arnold Law, Green Cove Springs, for Appellee.

RAY, J.

  Talbert John Wood, the former husband, appeals an order denying his petition to modify an alimony award in favor of Margaret Blunck, the former wife. The former husband argues that the denial is an abuse of discretion because the evidence showed that the former wife no longer needs alimony in the amount

previously awarded. He also argues that the order was entered in violation of Perlow v. Berg-Perlow, 875 So. 2d 383 (Fla. 2004). Although some aspects of the order and the proceedings below raise the specter of a Perlow error, we need not decide this issue, because the order must be reversed on the other ground: the court's findings do not indicate a proper exercise of discretion under the principles governing requests to modify alimony.

The original alimony award was $1,700 per month. In the order ruling on the petition for modification, the trial court found that the former wife's gross monthly income had increased by approximately $1,060, or sixty-three percent, since the final judgment, after several incremental increases. Still, the former wife's current expenses exceed her pre-alimony income by $644.81 per month. Consequently, the court found that the former wife continues "to have the need for spousal support in at least" that amount. The court continued the original award of $1,700 per month, explaining that the former wife's current living expenses are "extremely modest" and "well below the standard of living established by the parties during the marriage, which the Court has previously found to be reasonable."

To justify a modification of alimony, the party seeking modification must establish (1) a substantial change of circumstances; (2) that the change was not contemplated at the time of the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary. Pimm v. Pimm, 601 So.

2

2d 534, 536 (Fla. 1992). The substantial change of circumstances necessary to modify an alimony award must bear on either the payee spouse's need for alimony or the payor spouse's ability to pay it. See Galligher v. Galligher, 527 So. 2d 858, 860 (Fla. 1988); § 61.14(1), Fla. Stat. (2009). For example, when the payee spouse's need decreases significantly, alimony should ordinarily be modified downward even if the payor spouse has ample ability to pay the original amount. See Antepenko v. Antepenko, 824 So. 2d 214, 215 (Fla. 2d DCA 2002). However, "[t]he fact that the income of the spouse receiving alimony has increased will not necessarily justify modification of the award." Galligher, 527 So. 2d at 860. A variety of factors must be considered. See id. The court's ultimate decision is reviewed under the abuse of discretion standard. Leonard v. Leonard, 971 So. 2d 263, 266 (Fla. 1st DCA 2008).

Although courts have discretion in determining the amount of alimony to award, the comparison of a party's expenses and income with the amount of alimony is an important consideration. See Rosecan v. Springer, 845 So. 2d 927, 929 (Fla. 4th DCA 2003) (reversing an award of alimony where "the numbers and findings [did] not add up to" the amount the court awarded in permanent periodic alimony). Here, the improvement in the former wife's financial position appears to be a substantial change of circumstances. See Antepenko, 824 So. 2d at 215 (holding that even a thirty-eight percent decrease in need is a substantial change in

circumstances warranting modification). The former wife's pre-alimony income has increased by sixty-three percent. The record does not indicate what her expenses were at the time of the final judgment. It does, however, indicate that the $1,700 award exceeds the former wife's current pre-alimony deficit by over $1,000. Although the court explained that the amount of the former wife's current spending reflects a lifestyle below the standard established during the marriage, the court did not make findings to indicate what amount of spending would be commensurate with that lifestyle or what factors, if any, offset the substantial increase in the former wife's earnings.

While the former wife's financial situation has improved, the same has not been said for the former husband. Indeed, he attempted (unsuccessfully) to prove that it had permanently worsened. Assuming the former husband's ability to pay remains the same and considering the figures in the final judgment, we conclude that the finding of no substantial change of circumstances is inconsistent with the findings concerning the former wife's income and expenses.* Cf. Rosecan, 845 So.

---

* Although evidence concerning repairs needed to the former wife's home and debt she owes her family might be weighed to support a finding that the former wife's circumstances have not substantially changed, we cannot affirm on this basis because it is not clear that the trial court grounded its decision on that evidence. Affirming on this basis would require us to weigh the evidence and usurp the role of the fact finder. Cf. Featured Properties, LLC v. BLKY, LLC, 65 So. 3d 135, 137 (Fla. 1st DCA 2011) ("We 'cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so.'" (quoting Bueno v. Workman, 20 So. 3d 993, 998 (Fla.

2d at 929 ("Absent special circumstances . . ., an alimony award should not exceed a spouse's need.").

In so ruling, we do not pass on whether modification is necessarily required at this time. We simply conclude that the order is insufficient to support the result reached without further explanation. Consequently, we reverse and remand for reconsideration.

REVERSED and REMANDED.

ROBERTS and SWANSON, JJ., CONCUR.

---

4th DCA 2009))).