PER CURIAM.
Gouzhen Shang, Appellant, appeals a final order of the Department of Health revoking her license to practice massage therapy. We reverse because the record does not support the Department’s finding that she was properly served by publication. Section 120.60(5), Florida Statutes (2013), permits service by publication in the county of the licensee’s last known address, but only “[w]hen personal service cannot be made and the certified mail notice is returned undelivered.” The Department’s attempt at service by publication was not in the county of Appellant’s last known address, and the Department did not establish that the prerequisites to service by publication were met. Although the Department argues on appeal that it actually served Appellant by certified mail, we cannot rely on this claim because the final order does not find that such service was made. See Wood v. Blunck, 152 So.3d 693, 695 n. 1 (Fla. 1st DCA 2014) (noting that an appellate court must not usurp the role of the fact finder when employing the tipsy coachman doctrine). In fact, by finding that service was made by publication, the final order necessarily found that service was not effectuated by certified mail. For these reasons, we reverse the order revoking Appellant’s license.
REVERSED.
THOMAS, WETHERELL, and RAY, JJ., concur.