IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEFFREY S. BROWN,

      Appellant,

 v.                                        Case No.  5D16-2294

JULIA BROWN,

      Appellee.

_____/

Opinion filed June 16, 2017

Appeal from the Circuit Court
for St. Johns County,
John M. Alexander, Judge.

Felecia Leann Walker, of Walker Law, LLC,
St. Augustine, for Appellant.

No Appearance for Appellee.

EVANDER, J.

      Jeffrey Brown ("the former husband") appeals a final judgment of dissolution of marriage, challenging the amounts of child support and durational alimony that he was ordered to pay Julia Brown ("the former wife").  We are unable to conduct meaningful appellate review because the final judgment contains material inconsistencies and fails to include necessary findings of fact.  Accordingly, we reverse and remand for the trial court to make additional factual findings, to remedy the material inconsistencies contained

in the final judgment, and then, to the extent required, to reconsider the child support and durational alimony awards.

The parties were married in October 1999. There were three minor children born of the marriage. The former husband filed a petition for dissolution of marriage in April 2015, and the former wife responded a month later with her answer and counterpetition. The parties resolved the issues of shared parental responsibility and timesharing of the minor children prior to trial. Because of a pending bankruptcy, the parties stipulated that equitable distribution issues would be resolved at a later date.[1]

Approximately two months after trial, the trial court entered an eight and one-half page final judgment. The final judgment included findings as to each party's gross income, but failed to set forth findings as to either party's net income. *See, e.g.*, *Gilliard v. Gilliard*, 162 So. 3d 1147, 1154 (Fla. 5th DCA 2015) ("A party's ability to pay alimony should be based on the party's net income; not gross income."). Additionally, the final judgment contained inconsistent provisions as to the amount of durational alimony to be paid by the former husband. In one paragraph, the former husband was ordered to pay durational alimony of $1200 per month beginning April 2016 and terminating on August 1, 2021. In another paragraph, the former husband's durational alimony was determined to be $1200 per month until June 2018. At that time, the durational alimony would be reduced to $800 per month, ceasing on August 1, 2021. Elsewhere, the final judgment recited that the reduced amount of durational alimony as of June 2018, should be $850 per month, rather than $800 per month.

---

[1] We reject, without discussion, the former husband's argument that it was error for the trial court to award durational alimony prior to resolution of all equitable distribution issues.

2

On appeal, the former husband contends that his durational alimony obligation is excessive. We are unable to adequately address this argument because of the lack of findings as to the parties' respective net incomes, and because of our uncertainty as to the former husband's actual alimony obligation for the period of time from June 1, 2018 to August 1, 2021. Accordingly, on remand, the trial court is directed to make factual findings as to the parties' respective net incomes and to remedy the aforementioned inconsistencies in the final judgment. *See Mathieu v. Mathieu*, 877 So. 2d 740, 741 n.1 (Fla. 5th DCA 2004) ("Since the principal reason for findings of fact in these cases is to allow for meaningful appellate review in this very important area of the law, if the court determines on its own that its review is hampered, we may, at our discretion, send the case back for findings."); *see also Matajek v. Skowronska*, 927 So. 2d 981, 987-88 (Fla. 5th DCA 2006) (holding that notwithstanding appellant's failure to raise lack of factual findings in motion for rehearing, remand for additional factual findings on issue of permanent periodic alimony was appropriate, where appellate court determined on its own that meaningful appellate review was hampered by absence of required findings).

The final judgment further required the former husband to pay child support in the amount of $645.86 per month. Again, meaningful appellate review is precluded by the absence of necessary factual findings. No child support guidelines worksheet was attached to the final judgment or made part of the record, and the trial court made no findings as to the parties' respective net incomes or the cost of health insurance for the minor children. *See* § 61.30(3)-(6), Fla. Stat. (2016) (using "net income" to determine child support guideline amount).

3

Section 61.30, Florida Statutes (2016), establishes the method by which a trial court must determine the presumptive child support guideline amount. If the child support awarded deviates from the guideline amount by more than five percent, the final judgment must explain why the guideline amount is unjust or inappropriate. § 61.30(1)(a), Fla. Stat. (2016). Here, the absence of necessary findings precludes us from determining whether the child support awarded was a departure from the guidelines and, if so, whether that departure was justified. *See Wilcox v. Munoz,* 35 So. 3d 136, 139-40 (Fla. 2d DCA 2010) (holding that trial court erred by failing to make required factual findings regarding parties' net incomes; failure to make findings precluded determination of whether support ordered departed from guideline). On remand, the trial court is to make findings necessary to properly calculate the child support guideline amount.

REVERSED and REMANDED, with instructions.

COHEN, C.J. and EDWARDS, J., concur.