DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HAROLD GUNNAR JOHANSSON,**
Appellant,

v.

**JACQUELYN JOHANSSON,** n/k/a **JACQUELYN PUTT,**
Appellee.

No. 4D18-2112

[May 1, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kathleen Kroll, Judge; L.T. Case No. 502008DR013445XXXXMB.

Harold Gunnar Johansson, Boynton Beach, pro se.

Jacquelyn Johansson, n/k/a Jacqueline Putt, Palm City, pro se.

WARNER, J.

Appellant challenges the circuit court judgment, adopting findings of a general magistrate, that denied his petition for modification of child support. He claims that the court erred in finding no substantial change in circumstances due to the decrease of his income, and it further erred in failing to impute income to the former wife, whom he contended was voluntarily underemployed. The trial court did not follow section 61.30, Florida Statutes (2016), in the modification proceeding. No child support guidelines calculation worksheet was prepared, nor did the court determine the parties' respective incomes or determine whether the former wife was voluntarily underemployed. Without such findings, we cannot perform meaningful appellate review. We therefore reverse for the trial court to make the appropriate findings and calculations required by section 61.30.

In the final judgment of dissolution of the parties' marriage, the former husband was directed to pay $3000 per month in bridge-the-gap alimony to transition the wife from married life to single life. The court found that the former wife did not need rehabilitative alimony because the wife had

been employed full-time prior to the five-year marriage and was fully employable thereafter. The court did not find that she needed to stay home with the parties' children. It ordered the former husband to pay $1570.23 per month in child support for his two children. In this record, there is no explanation of how the child support obligation was calculated. Several years later, the parties stipulated to a modification regarding time-sharing, medical expenses of the children, and the dependency exemption for tax purposes. Child support was not recalculated.

After the husband's income from his employment decreased, he petitioned the court for a modification in child support and other matters not related to the issues in this appeal. He alleged both that his own income had been reduced by more than fifteen percent and that no income had been imputed to the former wife at the time that the child support calculations were made originally. He contended that the former wife was now employed, and the child support should be recalculated. A general magistrate heard the evidence, and it made findings of fact and recommendations, which the trial court adopted. The court found that while the husband's income had decreased, he no longer had the monthly bridge-the-gap alimony payment, which increased his net income. Because of this, the court found that no substantial change of circumstances occurred. The court never determined the former husband's current income. As to the former wife, the court found that she was employed on a project basis with a church, making $18 per hour for design services. The evidence showed that this was a part-time job. The court made no findings as to whether she was voluntarily underemployed. It made no findings at all as to her income. It found simply "that there has not been a significant change of circumstances to warrant a modification of the former Husband's child support obligation." From this order, the former husband appeals.

The court's decision on modification of alimony is reviewed under the abuse of discretion standard. *Albu v. Albu*, 150 So. 3d 1226, 1228 (Fla. 4th DCA 2014); *Wood v. Blunck*, 152 So. 3d 693, 695 (Fla. 1st DCA 2014). However, statutory principles limit that discretion. First, "[e]ach parent has a fundamental obligation to support his or her minor or legally dependent child." § 61.29(1), Fla. Stat. (2016). Second, the child support guidelines may provide the basis for a finding of substantial change of circumstances for modification of an existing order of support where the monthly obligation would change by fifty dollars or fifteen percent, whichever is greater. § 61.30(1)(b), Fla. Stat. (2016). Third, the child support guidelines analysis under section 61.30 applies to modification proceedings. § 61.30(1)(a), Fla. Stat.; *see Wilcox v. Munoz*, 35 So. 3d 136

(Fla. 2d DCA 2010). Where the essential findings necessary to calculate child support pursuant to the guidelines are missing from the record, the appellate court cannot properly perform its review function. *See Brown v. Brown*, 220 So. 3d 560, 561-62 (Fla. 5th DCA 2017) (reversing child support award because of lack of child support guidelines work sheet and lack of findings regarding parties' respective incomes); *Todd v. Guillame-Todd*, 972 So. 2d 1003, 1007 (Fla. 4th DCA 2008) (concluding that the final judgment was facially erroneous because it did not make any findings as to the net income of each party in calculating child support).

Pursuant to section 61.30(1)(b), a substantial change in circumstance may result from a sufficiently large change in the guidelines support amount. Without the determination of the income of each party, it is unknown whether that threshold was reached in this case.

Furthermore, section 61.30 *requires* the court to impute income to a voluntarily unemployed or underemployed parent, unless the court finds that the parent cannot work due to circumstances beyond the parent's control. Otherwise, income must be imputed in accordance with the statute and the fundamental obligation of each parent to support their children. § 61.29(1), Fla. Stat. The court made no findings on this issue.

As the trial court did not follow the dictates of section 61.30, we reverse and remand for the trial court to make the findings and calculations necessary to properly calculate the child support guideline amount and then to determine whether modification should be granted or denied after the appropriate calculations are made.

GROSS and LEVINE, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

3