# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3850
_____

JOSEPH L. MCDANIELS,

    Appellant,

    v.

MARGARET A. MCDANIELS,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

July 23, 2019

PER CURIAM.

Appellant, Joseph L. McDaniels, appeals the trial court's Order on Former Husband's Supplemental Petition for Modification of Alimony and Former Wife's Amended Motion for Contempt, raising three issues, only two of which merit discussion. Appellant first argues that the trial court erred in denying his petition to modify his $4,000 monthly alimony obligation because he had become permanently disabled subsequent to the entry of the parties' dissolution judgment. As Appellant points out, the dissolution judgment provided that his alimony obligation was non-modifiable for a certain period of time unless he became permanently disabled "as determined by a physician or the social security administration." As the trial court found, none of the medical records upon which Appellant relied stated that he was

permanently disabled. Nor did Appellant file for social security disability as a result of his conditions. Given such, the trial court did not abuse its discretion in denying the petition to modify. *See Wood v. Blunck*, 152 So. 3d 693, 695 (Fla. 1st DCA 2014) (explaining that a trial court's ruling on a motion to modify an alimony obligation is reviewed for an abuse of discretion); *see also Broemer v. Broemer*, 109 So. 3d 284, 288 (Fla. 1st DCA 2013) (noting that the trial court deemed it relevant that the former wife, while claiming to have disabling conditions, never applied for "social security or disability" and no physician had found her to be medically disabled).

Appellant also argues that the trial court, which found him in contempt for not satisfying his alimony obligation, failed to make a finding that he had the ability to pay the ordered purge amount of $8,000. While Appellant is correct that such a finding is required when a court finds a party in contempt for failure to pay, Appellant failed to preserve this argument for appeal. *See Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) (holding that the former husband failed to preserve for appeal his argument that the trial court erred in failing to find that he had the present ability to pay a purge amount by not raising it below).

Accordingly, we affirm the order on appeal.

AFFIRMED.

LEWIS, MAKAR, and BILBREY, JJ., concur.

————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

————————————————

Eduardo J. Mejias of AAA Family Law, LLC, Altamonte Springs, for Appellant.

Beth M. Terry, Law Office of Beth M. Terry, P.A., Jacksonville, for Appellee.

2