HALL, Judge.
Perry R. Connolly appeals from the order of the trial court which finds him in civil contempt for failure to pay alimony. He argues that the trial court failed to make a finding that he had the present ability to pay the purge amount of alimony due before imposing incarceration. We reverse.
The parties were divorced in April 1985. The final judgment of dissolution of marriage required the appellant to pay $1800 permanent periodic alimony per month to the appellee. The appellant complied with the final judgment and paid alimony for three years; thereafter, he ceased making the payments.
The appellee sought enforcement of the alimony provisions of the final judgment by filing motions for civil contempt.
After hearing the motions, on October 19, 1988, the trial court entered an order finding the husband to be “in willful contempt of this Court’s Order dated April 10, 1985, because he has the ability to pay alimony pursuant to the alimony provisions contained in that Order and has willfully and intentionally refused to do so....”
In Bowen v. Bowen, 471 So.2d 1274 (Fla.1985), the supreme court discussed the proper procedure for establishing civil contempt in family support matters. It stated that the initial final judgment of dissolution is based upon a finding that the party has the ability to pay a specified amount of support or alimony. In a civil contempt hearing for failure to pay support or alimony, the movant must show that the party in default has failed to make *357 the ordered payments. The burden then shifts to the defaulting party to show that, due to circumstances beyond his control which intervened since the time the final judgment was entered, he no longer has the ability to meet his support obligations. The trial court must then determine whether the evidence is sufficient to justify a finding that the defaulting party has willfully violated the court order. The supreme court further stated that if “contempt is found, the trial judge must separately find that the contemnor has the present ability to pay the purge amount before incarceration can be imposed to obtain compliance with the court order.” Id. at 1280. See also Garo v. Garo, 347 So.2d 418 (Fla.1977).
[T]he purpose of a civil contempt proceeding is to obtain compliance on the part of a person subject to the order of the court. Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to pay is the ‘key to his cell.’ (citation omitted).
Bowen at 1277.
In the present case, the trial court did not make a separate finding that the appellant had the present ability to pay the purge amount of $19,800 owed to the appel-lee. However, it ordered the appellant to pay the purge amount within sixty days or upon failure to do so the appellant would be confined to the county jail for sixty days following the issuance of an arrest warrant.
Since the trial court failed to make the appropriate finding in its written order that the appellant had the ability to pay the purge amount, and since the record before us does not contain a transcript of the proceedings reflecting evidence of the appellant’s ability to pay the purge amount, we must set aside the contempt order and remand this case to the trial court for further, proceedings. If on remand the trial court finds that the appellant had the ability to pay the purge amount and willfully disobeyed the final judgment, the court may find the appellant in civil contempt and incarceration may be imposed if the purge amount is not paid. Further, if the court finds that the appellant’s conduct in continually and intentionally violating an order of the court is such that it warrants punishment, a criminal contempt proceeding may be instituted. See Bowen at 1279.
Reversed and remanded with directions.
SCHOONOVER, A.C.J., HALL and THREADGILL, JJ., concur.