THREADGILL, Judge.
Victor Kossman appeals an order holding him in contempt of court and sentencing him to jail for failure to pay alimony and arrearages. We reverse.
The final judgment of dissolution of marriage entered September 1, 1988, ordered the appellant to pay permanent periodic alimony of $1,000 per month. The judgment also ordered him to pay an arrearage in temporary alimony at the rate of $1,500 per month.
The appellant did not comply with any of the provisions of the judgment. A hearing officer heard the post-judgment motion for enforcement of support and entered findings and recommendations which were ratified and incorporated by the trial court in an order of contempt and commitment entered December 12, 1988. The trial court found the appellant in wilful contempt for failure to pay alimony and sentenced him to thirty days in jail to begin January 12, 1989, but provided that he could purge himself of contempt by paying $2,500 plus a clerk’s fee of $5.00 on or before January 12, 1989. Appellant’s motion for rehearing was denied.
The appellant argues that the trial court erred by finding him in contempt and by entering an order of incarceration when there was no evidence he had the ability to comply with the purge conditions. We agree.
A final judgment of dissolution directing a party to pay alimony creates a presumption that he has the ability to pay. The burden then shifts to that party to show that he can no longer pay due to circumstances which have developed since the entry of the judgment. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985); Connolly v. Connolly, 543 So.2d 356 (Fla. 2d DCA 1989).
The appellant did in fact introduce a substantial amount of evidence showing that he had become financially unable to meet the support obligations of the final judgment. This evidence was unrebutted, and was sufficient to overcome the presumption created by the final judgment.
Furthermore, under Bowen, incarceration cannot be imposed for civil contempt, absent a specific finding that the contemnor has the present ability to comply with the purge requirements. 471 So.2d at 1277. “Because incarceration is utilized solely to obtain compliance, it must be used only when the contemnor has the ability to comply. This ability to comply is the contemnor’s ‘key to his cell.’ ” Id.
Because the court made no findings regarding the appellant’s ability to pay the purge amount, and the record affirmatively shows an inability to pay, we reverse the order of contempt and commitment. See Connolly.
Reversed.
LEHAN, A.C.J., and ALTENBERND, J., concur.