567 So.2d 949 (1990)
Mary A. LESEKE, Appellant,
v.
Lisa Marie NUTARO and Snappy Car Rental, a Foreign Corporation, Appellees.
No. 89-1021.
District Court of Appeal of Florida, Fourth District.
September 19, 1990.
Rehearing Denied October 29, 1990.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Jerold Hart, P.A., Miami, for appellant.
Richard A. Sherman and Rosemary Wilder of Richard A. Sherman, P.A., Fort Lauderdale, for appellees.
FRANK, RICHARD H., Associate Judge.
Mary Leseke initiated a negligence action against Lisa Marie Nutaro and Snappy Car Rental as a result of an automobile-bicycle collision. Pursuant to an appropriate motion, the trial court ordered mediation. A mediation hearing was held and an agreement was reached which provided as follows:
The Plaintiff shall be examined the week of January 30, 1989 by Dr. Paul Kramer. If Dr. Kramer indicates the Plaintiff has a herniation of C5-6 and C6-7 the Defendants *950 agree to re-evaluate the case. If Dr. Kramer indicates no problems at C5-6 and C6-7 the Plaintiff will accept $40,000.00.
The results of Dr. Kramer's examination of Leseke were expressed in a letter, the pertinent portions of which state:
With regard to her neck, the discomfort there is infrequent, that is 1-2 times per week, and is left low neck and radiates along both trapezius areas. She did not have neck pain prior to the automobile accident nor did she have thoracic or low back pain. She is aggravated by right rotation and also by reading long periods of time with her neck down....
To physical examination, she was alert, cooperative, a consistent historian and a very pleasant person. She demonstrates a normal range of motion of the neck to right and left rotation. She moves on and off the examining table with ease. To formal testing of her range of motion of her neck she actively does all ranges normally. There is no sign of cervical nerve root compression. The thoracic spine is tender to percussion over the spinous processes of T5-8. The lumbar spine has a normal range of motion and in fact is quite full... .
Cervical radiculopathy, mild.
The interpretation or construction of a contract is a matter of law, not one of fact, and an appellate court is not restricted in its ability to reassess the meaning and effect of a written agreement. Folwell v. Bernard, 477 So.2d 1060 (Fla. 2d DCA 1985). In our judgment, the trial court erred in enforcing the settlement agreement which, we note in passing, is less than an exemplar of sound draftsmanship if a bilaterally binding contract were, indeed, anticipated.
In order for the trial court properly to enforce the settlement agreement, it had to determine whether Dr. Kramer indicated "no problems at C5-6 and C6-7." It is evident from Dr. Kramer's report that he did not indicate an absence of problems at the designated cervical levels. Thus, under our view of the relevant considerations arising from the settlement agreement and Dr. Kramer's report, compelling Leseke to accept the $40,000.00 was mistaken.
Moreover, of equal, if not greater significance is the absence from the settlement agreement of mutual detriment or obligations. Leseke only was committed to a term of the agreement and Nutaro/Snappy were free to take whatever evaluative action they might choose, including none, had Dr. Kramer indicated that Leseke had herniated discs at C5-6 and C6-7. In sum, the settlement agreement presents a classic example of a nudum pactum, an agreement wholly lacking in consideration. See Freitag v. Lakes of Carriage Hills, Inc., 467 So.2d 708, 710 (Fla. 4th DCA 1985).
Accordingly, we reverse, the trial court's order is vacated and this matter is remanded for further proceedings.
ANSTEAD and GUNTHER, JJ., concur.