620 So.2d 1012 (1993)
Mary Ellen ANGELL, Appellant,
v.
DON JONES INSURANCE AGENCY INC., d/b/a Jones & Hawkins Insurance, a Florida corporation, Appellee.
No. 92-03067.
District Court of Appeal of Florida, Second District.
April 14, 1993.
Rehearing Denied July 8, 1993.
*1013 Charleen C. Ramus of Kelly & McKee, P.A., Tampa, for appellant.
James A. Martin, Jr. and Margot Pequignot of McMullen, Everett, Logan, Marquardt & Cline, P.A., Palm Harbor, for appellee.
CAMPBELL, Judge.
In this appeal, appellant, Mary Ellen Angell, seeks review of a final summary judgment entered for appellee, Don Jones Insurance Agency, Inc., doing business as Jones & Hawkins Insurance, in this employment contract dispute concerning appellant's salary. Both parties moved for summary judgment in the trial court. The court denied appellant's motion for summary judgment and granted appellee's motion. In doing so, the court erred. We, therefore, reverse and direct upon remand that summary judgment be entered for appellant.
Appellant and appellee entered into an employment contract on March 8, 1989, for appellant to work in a service and sales capacity in appellee's insurance business. The term of the contract was for five years. It required appellee to pay appellant "a basic salary" at an annual rate of $40,000 subject to adjustment in accordance with Jones & Hawkins' "Producer Compensation Plan." The Producer Compensation Plan provided that appellant would also be paid quarterly bonuses based upon a percentage of appellee's income derived as a result of business generated by appellant. The "Producer Compensation Plan" (revised March 1, 1989) contains a provision entitled "Base Salary," which provides as follows:
This will initially be agreed upon between the Sales Manager and Producer/Servicer at the time of hire.
The Producer/Servicer will be expected to "validate" that Base Salary in not more than 18 months.
No adjustment in Base Salary will be considered before the Producer/Servicer has validated his or her original Base Salary. Thereafter, salary adjustment will be at the discretion of the Sales Manager.
While the term "validate" used in that clause is not defined, the record reflects, in the form of an unrefuted supporting affidavit to appellant's motion for summary judgment, that appellant had, throughout the term of her employment, "validated" her base salary. The logical construction of the term "validate" seems to us to mean that appellant was required to demonstrate, by her sales and service efforts and income, her worth as an employee relative to her base salary. Below, appellant alleged that appellee had breached the employment contract by unilaterally reducing appellant's annual base salary. Appellee does not dispute its actions but urges that the "Base Salary" clause of the "Producer Compensation Plan" contemplates just such a unilateral downward adjustment by appellee any time after the first eighteen months of appellant's employment. While the trial judge agreed with appellee's interpretation of that contract provision, we do not.
The "Base Salary" clause clearly calls for an "agreed upon" base salary at the time of hire. That was done by the parties in the employment contract, and the base salary "agreed upon" was $40,000 annually. The adjustment provisions contained in the "Base Salary" clause provide that no adjustment will be "considered" before appellant has validated "her original Base Salary." The clause thus provides: "Thereafter, salary adjustment will be at the discretion of the Sales Manager." The *1014 term "[t]hereafter" clearly means after appellant has validated her original base salary. If base salary adjustment will only be "considered" after appellant has validated her original base salary, that, to us, clearly contemplates only an upward adjustment of base salary. The contract does not, therefore, provide for a unilateral downward adjustment of base salary and, in making such a unilateral downward adjustment, appellee breached the terms of the contract.
Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment. Kochan v. American Fire & Casualty Co., 200 So.2d 213 (Fla. 2d DCA), cert. denied, 204 So.2d 329 (Fla. 1967); Buckner v. Physicians Protective Trust Fund, 376 So.2d 461 (Fla. 3d DCA 1979). Moreover, since that interpretation or construction of such an instrument is a matter of law, an appellate court is not restricted in its ability to reassess the meaning and effect of a written instrument to reach a conclusion contrary to that of the trial court. Shadow West Apartments, Ltd. v. State, Dep't of Transp., 498 So.2d 589 (Fla. 2d DCA 1986); Folwell v. Bernard, By and Through Bernard, 477 So.2d 1060 (Fla. 2d DCA 1985), rev. denied, 486 So.2d 595 (Fla. 1986); Leseke v. Nutaro, 567 So.2d 949 (Fla. 4th DCA 1990).
We, therefore, reverse the summary judgment for appellee. On remand, appellant's motion for summary judgment should be granted and judgment entered accordingly.
Reversed and remanded with instructions.
RYDER, A.C.J., and PATTERSON, J., concur.