824 So.2d 214 (2002)
Richard ANTEPENKO, Appellant,
v.
Eileen ANTEPENKO, Appellee.
No. 2D01-619.
District Court of Appeal of Florida, Second District.
July 17, 2002.
Rehearing Denied August 21, 2002.
Charles E. Monty of Monty & Hemness, P.A., Clearwater, for Appellant.
K. Dean Kantaras, Clearwater, for Appellee.
NORTHCUTT, Judge.
The circuit court denied Richard Antepenko's motion to modify the alimony he pays to his former wife, Eileen Antepenko. He contends this was an abuse of discretion because Mrs. Antepenko no longer needs $475 per week in alimony. We agree and, accordingly, we reverse and remand for modification of the alimony.
When the parties first divorced in 1985, the court awarded Mrs. Antepenko $225 per week, or $975 per month, in permanent periodic alimony. This was based on her monthly income of $645 and Mr. Antepenko's monthly income of $2387. In 1996, Mrs. Antepenko sought an upward modification based on her increased needs and Mr. Antepenko's increased ability to pay. At that time, her employment income was approximately $958 per month while Mr. Antepenko's had risen to $5329. Mrs. Antepenko's monthly expenses had also risen to $3067. The court increased the alimony award to $475 per week, or $2058.33 per month.
In the instant modification proceedings, Mrs. Antepenko filed a financial affidavit showing that her income from employment had not increased substantially; she now *215 earns approximately $1376 net per month. She also receives $1257 in alimony, which, after deductions, results in additional income of $932 per month, for a total net income of approximately $2308. But Mrs. Antepenko is supposed to receive $2058 per month in alimony from her former husband. After deductions for income taxes, this results in about $593 in additional income, bringing her total monthly net income to approximately $2901. Importantly, Mrs. Antepenko's monthly expenses have decreased substantially since 1996. Her most recent financial affidavit listed $1883 in expenses, a reduction of $1184 from her 1996 expenses of $3067. Thus, based on alimony of $475 per week, Mrs. Antepenko's monthly income now exceeds her expenses by $1018. By comparison, after the 1996 modification she suffered a monthly deficit of approximately $51.
The record does not establish the amount of Mrs. Antepenko's net worth at the time of the 1996 alimony modification. Her most recent financial affidavit reflected a net worth of at least $207,057. That amount did not include a $52,000 receivable owed to her by the parties' daughter, a new car worth approximately $18,000, Mr. Antepenko's $123,509 indebtedness for alimony arrearage, an annuity worth between $100,000 and $130,000, and an anticipated inheritance of as much as $100,000. Mrs. Antepenko's affidavit listed no outstanding liabilities.
Mr. Antepenko does not claim inability to pay the alimony of $475 per week, so we will not address his financial situation beyond noting that it is in disarray. Instead, he argues that Mrs. Antepenko's decreased need is a substantial change in circumstances that warrants modification. To justify a modification of alimony, the moving party must establish: "(1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary." Rahn v. Rahn, 768 So.2d 1102, 1105 (Fla. 2d DCA 2000); see also Pimm v. Pimm, 601 So.2d 534, 536 (Fla.1992).
In 1996, Mrs. Antepenko's alimony was increased based on her increased needs and Mr. Antepenko's ability to meet them. Those needs have now decreased by more than thirty-eight percent. In Rahn, we held that the trial court did not err in finding that an eight percent reduction in the wife's expenses was not a substantial change in circumstances. 768 So.2d at 1106. But the thirty-eight percent decrease shown here clearly meets the "substantial change in circumstances" test.
The circuit court's order in this case did not address Mrs. Antepenko's decreased need, although that issue was extensively covered in the testimony. Instead, the court focused on Mr. Antepenko's ability to pay. Under section 61.14(1), Florida Statutes (1997), if the "circumstance or the financial ability of either party changes," either party may move to modify the support obligation. (Emphasis added.) See also Bedell v. Bedell, 583 So.2d 1005, 1007 (Fla.1991). The circuit court abused its discretion when it declined to modify Mr. Antepenko's alimony obligation based on the substantial change in Mrs. Antepenko's financial circumstances. We reverse the order denying modification and remand to the circuit court for further proceedings.
SILBERMAN and COVINGTON, JJ., Concur.