874 So.2d 38 (2004)
MANATEE COUNTY, a political subdivision of the State of Florida, Appellant,
v.
J. RICHARD KAISER ENTERPRISES, INC., a Florida corporation, OuterLimits, Inc., a Florida corporation, and Florida Club Concepts Limited Partnership, Appellees.
No. 2D02-5000.
District Court of Appeal of Florida, Second District.
May 7, 2004.
Rehearing Denied June 10, 2004.
James A. Minix, Senior Assistant County Attorney, Bradenton, for Appellant.
Daniel Joy of Law Office of Daniel Joy, Sarasota, for Appellees.
KELLY, Judge.
Manatee County appeals the dismissal of an order to show cause why the appellees, J. Richard Kaiser Enterprises, Inc., OuterLimits, Inc., and Florida Club Concepts Limited Partnership ("OuterLimits"), should not be held in contempt for violation of an injunction. We find no abuse of discretion in the trial court's conclusion that a finding of contempt was not warranted. Nevertheless, we reverse because the trial court erroneously concluded that Manatee County failed to establish that OuterLimits violated the injunction and, thus, did not consider whether OuterLimits should be declared a nuisance.
OuterLimits is a nightclub catering to young adults. The foundation for this appeal was laid several years ago when Manatee County sought to enjoin OuterLimits *39 as a public nuisance because of excessive noise and disorderly behavior in its parking lot. That lawsuit was the impetus for negotiations between Manatee County and OuterLimits that resulted in OuterLimits consenting to entry of an injunction in which it agreed to limit noise and vibrations emanating from its premises, prohibit any activities on the premises after 2:30 a.m. other than normal cleaning and maintenance, and provide crowd and noise control in its parking lot by employing no fewer than ten off-duty deputies or licensed security service personnel on Friday, Saturday, and Sunday nights. If OuterLimits failed to fulfill its agreement, the injunction gave the circuit court authority to hold OuterLimits in contempt or to find that it constituted a public nuisance.
OuterLimits subsequently violated the injunction, and Manatee County sought relief. This resulted in an order that found OuterLimits in civil contempt. The problems at OuterLimits continued, however, and Manatee County again sought relief, this time requesting an order of contempt, sanctions, and a declaration that OuterLimits was a public nuisance. The trial court reopened the case and issued an order to show cause why the relief requested by Manatee County should not be granted. OuterLimits responded with a motion to dismiss the order to show cause.
After an evidentiary hearing, the trial court dismissed the order to show cause. We affirm without comment the trial court's decision not to find OuterLimits in contempt. However, we find error in the trial court's failure to consider whether OuterLimits should have been declared a public nuisance. This error by the trial court arose from its interpretation of the injunction. Thus, we review this aspect of the trial court's order de novo. See Angell v. Don Jones Ins. Agency, Inc., 620 So.2d 1012 (Fla. 2d DCA 1993) (stating that because the interpretation or construction of a written instrument is a matter of law, an appellate court is not restricted in its ability to reassess the meaning and effect of a written instrument to reach a conclusion contrary to that of the trial court).
In pertinent part, the injunction states:
Upon presentation of an affidavit that the Defendants, or any of them, have committed any act prohibited by the injunction, the Court may issue an Order to Show Cause why the Defendants, or any of them, shall not be held in contempt of court or find that the OuterLimits' premises constitutes a public nuisance. After an appropriate hearing and upon proper proof, the Court may find the OuterLimits is operating as a public nuisance, and/or order sanctions....
The trial court issued the order to show cause based upon Manatee County's affidavits as contemplated by the injunction. However, at the hearing, the trial court prohibited Manatee County from offering evidence to establish that OuterLimits constituted a public nuisance as defined by section 823.05, Florida Statutes (2002).
The trial court placed this limitation on Manatee County because it believed that the only basis upon which it could declare OuterLimits a public nuisance was for violations of the injunction and that if Manatee County wanted OuterLimits declared a public nuisance as defined by section 823.05, it would have to file a separate lawsuit. We find nothing in the injunction that supports the trial court's conclusion. On the contrary, "proper proof" to establish that OuterLimits was a nuisance would go beyond what would suffice to prove a violation of the injunction. Proof of a violation simply opened the door to two potential remedies: contempt and sanctions or a declaration of nuisance. While proof *40 to support a finding of contempt would be limited to violations of the injunction, there is no basis to place such a limit on proving that OuterLimits is a public nuisance.
Having limited Manatee County's evidence to proof of violations of the injunction, the trial court then concluded that Manatee County failed to prove that OuterLimits violated the injunction. This, too, was error involving the trial court's interpretation of the injunction.
The injunction provides that it is violated if at least two individuals complain to the sheriff's office regarding excessive noise. The trial court acknowledged that Manatee County had proven the requisite complaints, but nevertheless concluded that this was not enough to establish a violation of the injunction. The trial court based this conclusion on a provision of the injunction that states:
Sounds and/or vibrations at the property line of OuterLimits at all times shall not exceed a level that disturbs the peace, or that may be harmful or injurious to the health and welfare of a reasonable person with normal sensitivities, or which unreasonably interferes with the enjoyment of life, property or outdoor recreation of nearby residents. Complaints to the Manatee County Sheriff's Office made by two or more persons on any given day or night about noise and/or vibrations emanating from OuterLimits shall constitute prima facie evidence that the noise and/or vibration level has exceeded this standard, unless it can be determined objectively by the appropriate sound-measuring equipment that the standard has not been exceeded.
The trial court concluded that this provision could not be enforced because it did not specify who was required to provide the objective evidence, and it did not contain a requirement that OuterLimits be notified of the complaints so it could take sound measurements to rebut the complaints.
As to the latter, it is irrelevant that the terms of the injunction did not require Manatee County to notify OuterLimits of any complaints regarding excessive noise. OuterLimits never argued that the noise provision could not be enforced based on the absence of such a requirement, nor did it ever seek to have the injunction clarified or modified to include such a requirement even though in the past it had been held in contempt for violating the injunction based on excessive noise. The injunction was a product of negotiations between OuterLimits and Manatee County, and OuterLimits agreed to be bound by its terms as written. Accordingly, there was no basis for the trial court to refuse to enforce that provision because of a perceived defect that the parties to the injunction never sought to remedy.
As to the former, the injunction clearly places the obligation to take sound measurements on OuterLimits if it wants to rebut noise complaints. In fact, OuterLimits acknowledged this in its motion to dismiss the order to show cause in which it stated that "[i]f the sheriff receives the requisite number of complaints, the defendants must, according to the order, demonstrate by the appropriate sound-measuring equipment that the standard has not been exceeded." (Emphasis supplied.) Accordingly, the trial court's conclusion that the agreement was vague because it did not specify which party was to obtain sound measurements is not supported either by the injunction itself or by OuterLimits' own position regarding its obligations under the injunction.
The trial court also erred when it concluded that OuterLimits had not violated the provision in the injunction that required it to maintain adequate security to *41 control noise and crowds. Manatee County presented unrebutted testimony that OuterLimits did not employ enough off-duty deputies or security personnel to maintain crowd or noise control. The trial court itself found that
[t]he County presented a plethora of evidence that even an additional ten deputies is still inadequate security in the parking lot and surrounding areas of the OuterLimits to keep patrons who are leaving the club in the early morning from turning up their boom box stereos as they are leaving the parking lotthe most common complaint from the neighbors, nor is it sufficient to insure the safety of the officers who work there or who are called from other zones to respond to the area. The record is replete with evidence that experienced, informed law enforcement officers are extremely concerned for the safety and welfare of their own and the public.
The trial court nevertheless found no violation, stating that these matters were outside the scope of the injunction.
We believe the trial court erred in its conclusion regarding the scope of the injunction. The trial court relied on the provision in the injunction that states OuterLimits shall have "no fewer than ten (10) off-duty deputies or other licensed security service personnel" on Friday, Saturday, and Sunday nights. (Emphasis supplied.) The trial court correctly found that Manatee County failed to prove that there were not at least ten security personnel at the club on those days. However, in finding that Manatee County's evidence went to matters beyond the scope of the injunction, the trial court overlooked the fact that the same provision requiring at least ten deputies or security personnel also states:
The guiding principle shall be that at all times, OuterLimits shall have on the premises sufficient off-duty deputies or licensed private security personnel to maintain crowd and noise control so as not to unreasonably interfere with the enjoyment of life, property or outdoor recreation of neighboring residents, or cause harm or injury to the health and welfare of a reasonable person with normal sensitivities.
Thus, OuterLimits' ultimate obligation under this provision was not simply to employ ten deputies or security personnel, but rather was to employ enough to control the crowd and the noise. The County's evidence as described by the trial court established OuterLimits' failure to satisfy that obligation and thus did not pertain to matters beyond the scope of the injunction.
Because Manatee County satisfied its obligation to prove a violation of the injunction, the trial court should have considered whether to declare OuterLimits a public nuisance. Manatee County was entitled to submit evidence to support such a finding. Accordingly, we reverse. On remand, Manatee County should be given the opportunity to offer additional evidence in support of its request to have OuterLimits declared a public nuisance. If it does not wish to present additional evidence, then the trial court shall make that determination based on the evidence presented at the previous hearing.[1]
Reversed and remanded.
FULMER and DAVIS, JJ., Concur.
NOTES
[1] Manatee County has argued that even with the evidentiary limitations imposed by the trial court, the evidence in the record conclusively proves that OuterLimits is a public nuisance. We have declined Manatee County's invitation to make that determination in this appeal because the trial court has never addressed that issue. Our opinion should not be read to express any position regarding whether the evidence in the record would support such a finding.