**DESERT FOOT AND ANKLE, P.C., an Arizona professional corporation, Plaintiff–Counterdefendant–Appellee,**

v.

**STRYKER CORPORATION, a Michigan corporation, dba Stryker Imaging, Defendant–Countercaimant–Appellant.**

Desert Foot and Ankle, P.C., Arizona professional corporation, Plaintiff–Counterdefendant–Appellee,

v.

Stryker Corporation, a Michigan corporation, dba Stryker Imaging, Defendant–Counterclaimant–Appellant.

Nos. 08–15315, 08–15939.

United States Court of Appeals, Ninth Circuit.

Submitted July 15, 2009.*

Filed July 17, 2009.

Lance R. Broberg, Esquire, Robert A. Royal, Esquire, Tiffany & Bosco, PA,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. 8 U.S.C. § 1158.

2. 8 U.S.C. § 1231(b)(3).

Phoenix, AZ, for Plaintiff–Counterdefendant–Appellee.

Keith Lorin Hendricks, Esquire, Todd S. Kartchner, Esquire, Fennemore Craig, Phoenix, AZ, for Defendant–Counterclaimant–Appellant.

Before SILVERMAN, CLIFTON and M. SMITH, Circuit Judges.

MEMORANDUM **

Stryker Corporation appeals the district court's judgment, following a bench trial, in favor of Desert Foot and Ankle, P.C. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's interpretation of the written contract de novo. *United States v. 1.377 Acres of Land*, 352 F.3d 1259, 1264 (9th Cir.2003); *Angell v. Don Jones Ins. Agency Inc.*, 620 So.2d 1012, 1014 (Fla.Dist.Ct.App.1993). We review for clear error findings of fact regarding contract language premised on extrinsic evidence. *1.377 Acres of Land*, 352 F.3d at 1264.

The district court did not err by finding that the Sales Agreement was ambiguous as to whether the OfficePACS system included OrthoPAD. The contract did not define the system to either include or exclude OrthoPAD. Since the contract was ambiguous, the district court did not err in considering extrinsic evidence to resolve the ambiguity. *Wheeler v. Wheeler, Erwin & Fountain, P.A.*, 964 So.2d 745, 749 (Fla. Dist.Ct.App.2007). Nor did the district court clearly err by finding that the Office-PACS system included OrthoPAD. The finding is well-supported by admissible evidence in the record, including the contract, invoice, and testimony by Dr. Maling, Dr. Harrill, and Mr. Letner.

Contrary to Stryker's assertions, the district court did not make inconsistent findings, hold that Letner's actions bound eTrauma, or imply contract terms. In addition, Stryker waived its claim that the Sales Agreement lacks essential terms by raising it for the first time on appeal. *Manta v. Chertoff*, 518 F.3d 1134, 1144 (9th Cir.2008).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.