COHEN, J.
 

 We review the trial court’s order denying a motion for contempt and/or enforcement that Appellant, Sally Lynn Jaffe, brought to recoup expenses for child support under the marital settlement agreement (“Agreement”) with Appellee, Todd B. Jaffe. We affirm in part and reverse in part.
 

 The Agreement, incorporated in the parties’ final judgment of dissolution of marriage, provided that Appellee would pay certain expenses their two sons incurred in lieu of a conventional monthly child support amount. The present dispute concerns only expenses incurred on behalf of their younger son, Aaron. The Agreement described several categories of expenses and specified different periods of reimbursement. For example, Appellee agreed to pay health insurance, clothing, automobile insurance, food, and gasoline until Aaron reached age twenty-one or was no longer a full-time student.
 
 [1]
 
 Reimbursement for other expenses, including counseling, music, and karate lessons, continued until he reached age eighteen. The Agreement placed great importance on education and provided that Appellee would pay tuition, to the extent of existing educational funds, for college, medical or graduate school without reference to an ending date. The Agreement also required Ap-pellee to pay for books, school supplies, computer software for school including necessary computer upgrades, and routine automobile maintenance, but, like the tuition expense, did not specify an ending date. It is this last category that is the subject of the present dispute.
 

 
 *1253
 
 Appellant’s motion for contempt and/or enforcement alleged that Appellee refused to pay $16,651.80 of expenses from 2004-2008, approximately $1200 of which was incurred before Aaron reached age eighteen in March 2006. Conceding that the expenses incurred before Aaron turned eighteen were payable under the Agreement, Appellee testified that he paid the expenses and sought to use his checkbook register to verify payment. The trial court sustained Appellant’s objection to Appellee using his checkbook register, as opposed to cancelled checks, in testifying to payment of expenses. The balance of the expenses were disputed with Appellant arguing the Agreement required Appellee to pay for these expenses while Aaron was enrolled full-time in school and Appellee arguing that his responsibility ended on Aaron’s eighteenth birthday.
 

 In considering a motion for contempt in support matters, the trial court is concerned with (1) whether a prior order directing payment of support was entered, and (2) whether the alleged contemnor has failed to pay the support.
 
 Robinson v. Robinson,
 
 788 So.2d 1092, 1094 (Fla. 4th DCA 2001). We review for an abuse of discretion the trial court’s decision to exercise its power to find a party in civil contempt.
 
 Fox v. Haislett,
 
 388 So.2d 1261, 1265 (Fla. 2d DCA 1980). Because the final judgment incorporated the Agreement, we initially address whether Appel-lee reimbursed the expenses admittedly payable before Aaron turned eighteen. Because the trial court did not make a finding whether Appellee met his obligation for these expenses, we reverse the denial of Appellant’s motion for contempt and/or enforcement and remand for further proceedings.
 

 The trial court found the Agreement’s section regarding books, computer, and automobile expenses ambiguous because it provided no ending date for the subject expenses and admitted parol evidence of the parties’ intent. Their conflicting testimony provided no guidance, however, and the trial court ruled that it was “unable to find that the Former Husband is in willful contempt or that the language in the marital settlement agreement is clear and obvious so as to allow enforcement.” This effectively terminated Appellee’s responsibility for books, school supplies, computer software and upgrades, and routine automobile maintenance when Aaron turned eighteen.
 

 This court is on equal footing with the trial court as an interpreter of the written agreement.
 
 See Delissio v. Delissio,
 
 821 So.2d 350, 353 (Fla. 1st DCA 2002);
 
 McIlmoil v. McIlmoil,
 
 784 So.2d 557, 562 (Fla. 1st DCA 2001). The interpretation or construction of a contract is a matter of law, not one of fact, and an appellate court is not restricted in its ability to reassess the meaning and effect of a written agreement.
 
 Leseke v. Nutaro,
 
 567 So.2d 949, 950 (Fla. 4th DCA 1990). “[A]bsent any evidence that the parties intended to endow a special meaning in the terms used in the agreement, the unambiguous language of the agreement should be interpreted according to its plain meaning.” McI
 
 lmoil,
 
 784 So.2d at 561. The court should also consider the object sought by the provision.
 
 Delissio,
 
 821 So.2d at 353.
 

 Appellant argues that the Agreement requires Appellee to pay the disputed expenses while Aaron is enrolled as a full-time student because they are related to tuition costs and, like the tuition provision, the Agreement does not specify an ending date. We agree. All of the other child support expenses specify an ending date. The Agreement clearly shows the parties contemplated that Aaron would attend college, even medical or graduate school, and
 
 *1254
 
 that Appellee agreed to an open-ended commitment to pay for tuition, subject to the limits of the educational fund established long before the divorce. This interpretation accords with the importance the Agreement attaches to continuing education. Further, it is realistic, practical, and sensible to interpret the Agreement to include related education expenses within the same payment category as tuition expenses. Expenses for books, school supplies, computer software necessary for school, and necessary computer upgrades all fall within this category. These expenses, as well as routine automobile maintenance expenses, comport with the object sought to be accomplished by the Agreement.
 
 See, e.g., McIlmoil,
 
 784 So.2d at 562 (including educational loans and automobile expenses as a reasonable agreed additional expense related to the children’s education and college expenses). To conclude that reimbursement for the subject expenses ended at age eighteen contravenes a unified interpretation of the entire agreement and circumvents its stated meaning and purpose to fund continuing education.
 
 See Delissio,
 
 821 So.2d at 358. Such an interpretation would isolate the meaning of these terms from the rest of the Agreement.
 

 The trial court’s interpretation that the Agreement did not embrace the continued payment of the disputed expenses was error. Upon remand, the trial court shall reconsider its rulings on both the motion for contempt and enforcement in light of this court’s interpretation of the Agreement.
 

 Appellant also argues that the trial court abused its discretion in denying her an award of attorney’s fees. Because Appellant did not submit a financial affidavit, we reviewed the Agreement’s provisions of permanent, non-modifiable alimony and other payments in Appellant’s favor and her testimony that the payments are current. We conclude that Appellant’s financial resources, while perhaps not equal to Appellee’s resources, are more than sufficient to ensure the primary concern of section 61.16, Florida Statutes: that both parties have similar financial ability to obtain competent legal counsel.
 
 See Thornton v. Thornton,
 
 483 So.2d 682, 684 (Fla. 5th DCA 1983);
 
 Humerickhouse v. Humerickhouse,
 
 932 So.2d 1142, 1145 (Fla. 2d DCA 2006). We, therefore, affirm the trial court’s decision not to award attorney’s fees to Appellant.
 

 Accordingly, we reverse the trial court’s order denying contempt and denying enforcement of the Agreement and remand for further proceedings consistent with this opinion. We affirm the trial court’s denial of Appellant’s request for an award of attorney’s fees.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings, as instructed.
 

 SAWAYA and JACOBUS, JJ., concur.
 

 [1]
 

 . In 2003, Appellee sought a declaration or clarification of the Agreement's provision that he pay certain of the older son’s expenses until age twenty-one or he was no longer enrolled as a full-time student. The trial court ruled that, with the exception of college and medical or graduate school tuition, Ap-pellee’s child support obligation terminated upon his son's twenty-first birthday or when he was no longer a full-time student, whichever occurred first.