DAVIS, Chief Judge.
Jeffery Fuller, the Former Husband, challenges the trial court’s order finding him in contempt for failing to pay court-ordered alimony to Nancy Dubay, the Former Wife. The Former Husband argues on appeal that the trial court erred in finding that he has hidden certain sources of income and that he has the present ability to pay the alimony required. The Former Husband maintains that neither of these findings is supported by the evidence presented below.
In the supplemental final judgment of dissolution that ended the parties’ twenty-eight-year marriage, the trial court ordered the Former Husband to pay $4500 a month as permanent, periodic alimony. Subsequent to the final judgment, the Former Husband filed a petition seeking a reduction of the court-ordered alimony amount. He testified at the hearing on his petition that since the entry of that order, he ended his relationship with the law firm at which he was a partner. He further testified that it previously had been determined that the firm had a value between $1 and $3 million. He insisted that upon leaving the firm he received only $46,000 and an automobile valued at $29,000.[1] Instead of seeking employment as an attorney, the Former Husband opted to open a mediation practice. He asserts that this new business venture resulted in a significant reduction in his income and that he no longer has the ability to pay the required alimony.
He therefore filed a petition seeking a reduction of the court-ordered alimony amount. The trial court denied the petition, finding that the Former Husband was voluntarily underemployed and that he had failed to show that the change in circumstance was involuntary and permanent. Additionally, the trial court found the Former Husband in contempt for willfully failing to pay his alimony obligation. The Former Wife has filed three subsequent motions asking that the Former Husband be held in contempt as he continuously has failed to comply with the court order. On the first motion, by its order entered April 28, 2012, the trial court denied the con *396 tempt request but did continue the alimony obligation established in the final judgment of dissolution. In October 2012, the trial court considered the Former Wife’s renewed motion. On October 16, 2012, the trial court entered an order finding that the Former Husband was in contempt and had the present ability to pay the ordered sum.
Two months later, the parties were again before the trial court on the Former Wife’s third motion seeking contempt. The trial court again found the Former Husband in contempt, concluding that he had presented no evidence to show a material change in circumstances regarding his ability to pay since the October hearing. It is this order that the Former Husband now asks us to review.
 After reviewing the record, we affirm without further comment the trial court’s finding that the Former Husband had the present ability to pay the required sums and its holding him in contempt for failing to do so. However, the trial court’s order also included the following finding:
8. It is evident to this Court that the Former Husband has purposely shielded his income. Although the Former Husband has habitually paid less than a quarter of the current alimony owed this past year, he is able to come up with the purge amount when found in contempt. The Court finds the Former Husband has been generating regular income and misrepresenting his ability to pay in order to avoid and frustrate the orders of this Court.
Our review of the record reveals that this specific issue of hiding income was not argued below. Furthermore, the only evidence to support such a finding is the fact that the Former Husband has been capable of paying the purge amount when previously held in contempt. But that fact alone is not enough to create an inference that the Former Husband has hidden sources of income. As such, the trial court erred in including paragraph 8 in its order. See Prieto v. Smook, Inc., 97 So.3d 916, 917 (Fla. 4th DCA 2012) (“A trial court’s factual findings must be supported by competent, substantial evidence in the record.”).
We therefore reverse the trial court’s order to the extent that it includes the factual finding contained in paragraph 8, and we remand with instructions to strike this paragraph. We affirm the order in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
ALTENBERND and WALLACE, JJ., Concur.

. In the October 4, 2011, order denying the Former Husband’s motion to modify the final judgment, the trial court recited the Former Husband’s allegation regarding the termination of employment with skepticism: ”[T]he thought of Former Husband taking only $46,000, and a car and going away, causes this court to pause, especially knowing that Former Husband has a $4500 monthly alimony obligation and other necessary expenses while claiming in his testimony that the expense of litigation over his termination would leave him unable to survive.”