LaROSE, Judge.
Henry M. Driggers, the former husband, appeals an order denying his motion to modify his alimony obligations, and granting the former wife’s, Robin Y. Drig-gers, motion for contempt for his failure to pay alimony. We have jurisdiction. See Fla. R. App. P. 9.130(a)(4). The trial court abused its discretion in finding no change in circumstances warranting a reduction in alimony. Additionally, no competent substantial evidence supports a finding of contempt. Accordingly, we reverse.
*763 The trial court dissolved the parties’ marriage in 2003 and ordered Mr. Drig-gers to pay $1250 per month in permanent periodic alimony. Mr. Driggers timely met this obligation until sometime in 2011. In late 2011, Mrs. Driggers moved for contempt, alleging that Mr. Driggers had not paid alimony since May 2011. In response, Mr. Driggers petitioned to abate, terminate, or reduce his alimony obligation due to his changed circumstances.[1]
Mr. Driggers, with his two sons, owns and operates an air conditioning business. Business activity has dropped forty percent since 2008-09. Efforts to reinvigorate the business have yielded little. Mr. Driggers’ monthly income now totals $1154, with monthly expenses of $1168.25. Mr. Driggers has no ability to take more money from the business. Furthermore, his age precludes him from obtaining new employment. Mrs. Driggers presented no contravening evidence. She focused, instead, on the fact that Mr. Driggers, apparently through his business, maintains a lease on Georgia hunting property, where he spends up to sixty days a year. Mr. Driggers countered that the modest lease payment paid for itself by generating business from referral sources.
Since the 2003 dissolution, Mrs. Drig-gers’ income increased to over $3400 per month. Despite some health ailments, she has enjoyed substantial employment. She spends money on discretionary items for family, friends, pets, and entertainment. She owns real property and has retirement savings. In contrast, Mr. Driggers has few assets. He owns an old Ford F-250 truck that he uses for work, a four-wheeler of little value, and a tractor of little value. The trial court valued these assets at slightly over $6500.
The trial court denied Mr. Driggers’ petition for modification. It concluded that there were no material changes in his circumstances because his expenses were paid by his business and he voluntarily elected to spend several weeks a year at the Georgia hunting camp. The trial court also granted the former wife’s motion for contempt.
We review the trial court’s findings regarding modification of alimony for an abuse of discretion. See Wilson v. Wilson, 37 So.3d 877, 881 (Fla. 2d DCA 2010) (citing Leonard v. Leonard, 971 So.2d 263, 266 (Fla. 1st DCA 2008)).
In considering modification the court can and should take into consideration all factors and contrast the total circumstances at the time of the original order with all the current circumstances. Generally, to justify an alimony modification, the moving party must establish: (1) a substantial change in circumstances; (2) the change was not contemplated at the time of the final judgment of dissolution; and (3) the change is sufficient, material, permanent, and involuntary.
Id., 37 So.3d at 880-81 (internal quotations and citations omitted).'
Here, Mr. Driggers demonstrated an uncontemplated substantial change in circumstances that was not voluntary or temporary. He established a forty-percent drop in his business income, which was not likely to improve soon, the unavailability of additional money to him from the business, lack of substantial assets to liquidate, and grim job expectations. See Antepenko v. Antepenko, 824 So.2d 214, 215 (Fla. 2d DCA 2002) (noting that a thirty- *764 eight percent change in circumstances met the substantial change in circumstances test). His monthly expenses exceed his income. We emphasize that Mrs. Drig-gers failed to rebut Mr. Driggers’ evidence.
Under these circumstances, we must also conclude that the contempt order is unsupported by competent substantial evidence and constitutes an abuse of discretion. See Sabatini v. Wigh, 98 So.3d 244, 246 (Fla. 1st DCA 2012) (holding that contempt judgment is clothed with a presumption of correctness subject to be overturned only upon a clear showing that trial court abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error; affirming contempt finding because it was supported by competent substantial evidence); Harris v. Hampton, 70 So.3d 747, 748 (Fla. 4th DCA 2011) (same iteration regarding presumption of correctness and abuse of discretion standard); Rojo v. Rojo, 84 So.3d 1259, 1262 (Fla. 3d DCA 2012) (applying abuse of discretion standard of review in context of civil contempt); Jaffe v. Jaffe, 17 So.3d 1251, 1253 (Fla. 5th DCA 2009) (reviewing for abuse of discretion the trial court’s decision to exercise its power to find a party in civil contempt).
Unquestionably, the final judgment of dissolution created a presumption that Mr. Driggers has the ability to pay alimony. He bears the burden to show that he can no longer pay due to changed circumstances. See Kossmann v. Kossmann, 550 So.2d 168, 169 (Fla. 2d DCA 1989) (citing Bowen v. Bowen, 471 So.2d 1274 (Fla.1985) and Connolly v. Connolly, 543 So.2d 356 (Fla. 2d DCA 1989)). Mr. Driggers met that burden with a substantial amount of unrebutted evidence. See id.
The trial court abused its discretion when it denied Mr. Driggers’ motion to abate, terminate, or reduce alimony based on his substantial change in circumstances and granted Mrs. Driggers’ motion for contempt. We reverse and remand to the trial court for further proceedings.
Reversed and remanded.
SILBERMAN and CRENSHAW, JJ., Concur.

. By January 2013, the time of the hearing on the competing motions, the alimony arrearage totaled $25,000.