NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEFFREY R. FULLER,                           )
                                             )
              Appellant,                     )
                                             )
v.                                           )       Case No. 2D13-2962
                                             )
NANCY LORRAINE ELIZABETH DUBÈ                )
FULLER n/k/a NANCY LORRAINE                  )
ELIZABETH DUBAY,                             )
                                             )
              Appellee.                      )
_____)


Opinion filed July 30, 2014.

Appeal from the Circuit Court for Pinellas
County; Catherine M. Catlin, Associate
Judge.[1]

Jeffrey R. Fuller, pro se.

Nancy Lorraine Elizebeth Dubè Fuller,
pro se.


MORRIS, Judge.

              Jeffrey Fuller, the former husband, appeals an amended order on Nancy

Dubay, the former wife's motion for civil contempt.  We reverse that portion of the trial

_____

              [1]The Florida Supreme Court assigned Judge Catlin of the Thirteenth
Judicial Circuit to proceed as a temporary judge of the Sixth Judicial Circuit in the matter
between these parties.

court's order finding him in contempt, but we affirm the remainder of the order without comment.[2]

The parties married in 1997 and have three adult children. In 2007 a final judgment was entered dissolving the marriage. In 2008 a supplemental final judgment was entered ordering the former husband to pay $4500 a month in permanent alimony to the former wife. In 2012 the trial court entered an order finding the former husband in contempt for failing to pay the court-ordered alimony to the former wife. This court "affirm[ed] without further comment the trial court's finding that the [f]ormer [h]usband had the present ability to pay the required sums and its holding him in contempt for failing to do so." Fuller v. Fuller, 129 So. 3d 394, 396 (Fla. 2d DCA 2013). But we reversed for the trial court to strike language finding that the former husband had hidden sources of income because that specific issue had not been argued below. Id.

In 2013, the former wife filed another motion for contempt. The trial court held a hearing on May 20, 2013, and orally pronounced that "the [m]otion for [c]ontempt is denied for lack of proof of a purge." On May 29, 2013, the trial court entered a written order on the former wife's motion for contempt finding the former husband in contempt and entering a money judgment for the former wife. The trial court, however, denied the former wife's request to incarcerate the former husband on the basis that "the [f]ormer [w]ife failed to establish a purge amount that the [f]ormer [h]usband could pay." The former husband filed a motion for rehearing and reconsideration, and on June 19, 2013,

_____

[2]The former wife also filed a motion to disburse arrearages. The trial court denied the former wife's motion to disburse arrearages but granted a money judgment against the former husband in the amount of $90,314.46.

-2-

the trial court entered an amended order, reducing the amount of arrearages and the money judgment to $90,314.46.

On appeal, the former husband argues that the trial court erred in finding him in contempt in its written order because the former wife did not present evidence of the former husband's present ability to pay the court-ordered alimony and because the trial court orally denied the former wife's motion for contempt.

The amended written order finding the former husband in contempt is inconsistent with the trial court's oral ruling denying the motion for contempt. It appears that the trial court may have merged the distinct issues to be addressed in a civil contempt proceeding in family support matters set forth in Bowen v. Bowen, 471 So. 2d 1274, 1278 (Fla. 1985).

> [T]he initial order or judgment directing a party to pay support or alimony is predicated on an affirmative finding that the party has the ability to pay. This initial judicial determination creates, in subsequent proceedings, a presumption that there is an ability to pay. In a civil contempt proceeding for failure to pay child support or alimony, the movant must show that a prior court order directed the party to pay the support or alimony, and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party, who must dispel the presumption of ability to pay by demonstrating that, due to circumstances beyond his control which intervened since the time the order directing him to pay was entered, he no longer has the ability to meet his support obligations. The court must then evaluate the evidence to determine whether it is sufficient to justify a finding that the defaulting party has willfully violated the court order. Once the court finds that a civil contempt has occurred, it must determine what alternatives are appropriate to obtain compliance with the court order. If incarceration is deemed appropriate, the court must make a separate, affirmative finding that the contemnor possesses the present ability to comply with the purge conditions set forth in the contempt order.

Id. (emphasis added).

We note that the record supports a finding of contempt because the former wife satisfied her burden and the former husband failed to dispel the presumption that he had the ability to pay. See Driggers v. Driggers, 127 So. 3d 762, 764 (Fla. 2d DCA 2013) ("Unquestionably, the final judgment of dissolution created a presumption that [the former husband] has the ability to pay alimony. He bears the burden to show that he can no longer pay due to changed circumstances."). Yet, the trial court specifically stated that "the [m]otion for [c]ontempt is denied for lack of a proof of purge." It appears that the parties and the trial court were concerned only with whether the former husband had the ability to pay the substantial purge amount and whether the trial court could order incarceration. It is not clear if the trial court found that a civil contempt had not occurred or if a finding of civil contempt is implicit in the trial court's ruling on the purge/incarceration issue and the entry of a money judgment against the former husband; accordingly, we reverse the portion of the order finding the former husband in contempt and remand for the trial court to make findings in accordance with the procedure set forth in Bowen.

Affirmed in part, reversed in part, and remanded.


DAVIS, C.J., and CASANUEVA, J., Concur.