Warner, J.,
concurring in part and dissenting in part.
Because the former wife voluntarily reduced her standard of living to allow her more income to spend on items not directly associated with her living expenses, I would reverse the trial court’s reduction of the former wife’s agreed alimony. As noted in the majority opinion, in order to modify an alimony award, the moving party must show that there has been a substantial change in circumstances which was unanticipated, material, involuntary, and permanent, Pimm v. Pimm, 601 So.2d 534, 535 (Fla. 1992). I would hold that a voluntary reduction in an alimony-receiving spouse’s standard of living is not a ground for reducing an agreed alimony award.
Although the majority cites to two cases in which a voluntary reduction in expenses by an alimony-receiving spouse constituted a change in circumstances sufficient to warrant a reduction in alimony, both are factually distinguishable. In Antepenko v. Antepenko, 824 So.2d 214 (Fla. 2d DCA 2002), the court had awarded alimony to the wife in the final judgment. Later, the former wife sought and obtained an increase of alimony based upon her increased needs. Id. at 214. Some years later, the former husband petitioned for a downward modification of alimony on the ground that the former wife’s needs had decreased significantly. Id. The trial court denied the modification, and the former husband appealed. Id. at 215. The appellate court recited the prerequisites for a modification, including the requirement that the change be substantial, permanent, and involuntary. Id. Noting that the former wife’s needs had decreased by thirty-eight percent from the amount of her needs at the time that the modification increasing alimony was entered, the court concluded that the trial court abused its discretion by not modifying alimony where the former wife’s decreased needs constituted a substantial change in circumstances. Id.
What is unclear from the opinion in An-tepenko is whether the former wife’s decreased needs were still above the standard of living established in the marriage. It appears in the opinion that her needs were still greater than the original award of alimony in the final judgment but less than the amount of the increased alimony she had been awarded later. Id. Thus, Antepenko does not appear to address the issue of whether a voluntary reduction of the standard of living constitutes a change *95 in circumstance which would permit a reduction of agreed alimony.
In Wolfe v. Wolfe, 953 So.2d 632 (Fla. 4th DCA 2007), we reversed the denial of a petition for downward modification of alimony because the trial court had refused to consider the sale of the marital home as a substantial change in circumstance, where it was contemplated at the time of the final judgment. Id. at 637. Additionally, the trial court erred in refusing to consider the former wife’s decreased expenses after she purchased a smaller replacement home. Id. Because the alimony in the final judgment had been set based upon the expenses of living in the marital home when it was contemplated at the time of the final judgment that the home would be sold, we determined that her decreased expenses as a result of the sale should be considered. Id. at 635.
This, too, is substantially different than the facts of this case. Here, the $9000 per month in alimony was not awarded by the trial court based upon the standard of living of the parties. Instead, the parties agreed to the amount, which was considerably less than the amount set in the former wife’s original financial affidavit, which was an exhibit to the MSA. The former husband attached no “strings” to this agreed alimony. How the former wife spends her income from this agreed amount of alimony should not be a ground for reduction. See, e.g., Tinsley v. Tinsley, 502 So.2d 997 (Fla. 2d DCA 1987).
The former husband contends that to allow the former wife additional monies, some of which she puts into a bank account, provides her with a “savings component” to alimony, rejected in Mallard v. Mallard, 771 So.2d 1138 (Fla. 2000). Mallard, however, involved an initial award of alimony by the trial court. Id. at 1139. The parties presented evidence of the amount necessary to cover the wife’s recurring expenses and also of an amount which was deemed “savings alimony,” as the parties throughout their marriage had always saved a portion of their income. Id. The supreme court held that the trial court erred by including “savings alimony” in the calculation of alimony, noting that “[t]he purpose of permanent periodic alimony is to provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties.” Id. at 1140 (emphasis added). It rejected a “savings” component to alimony, stating that the court may not factor in speculative post-dissolution savings based upon a marital history of frugality. Id. at 1141.
In the case before us, the parties agreed to the amount of alimony to assist in supporting the lifestyle of the former wife as it was established during the marriage. There was no savings component to the alimony as agreed. In fact, the financial affidavit attached to the MSA shows that it was significantly less than what would have been required to support the former wife up to the standard of living of the parties. That the former wife voluntarily decided to reduce her standard of living after the divorce, in order to make funds available either to save or to spend, was her decision. The husband should not benefit because the wife has chosen to spend her money differently after the divorce than she did prior to divorce. The principle of Mallard has no application in these circumstances. To hold otherwise creates disincentives for an alimony-receiving spouse to save for his or her old age or for health care expenses—sometimes holding back on expenditures in the present to make sure resources will be available in the future.
If either party to an MSA thinks that the alimony-receiving spouse should not be allowed to spend an agreed award of ali *96 mony as he or she wishes, then the parameters of that spending discretion should be included in the settlement agreement. Where such a provision is not included, I would hold that a voluntary reduction of expenses by an alimony-receiving spouse is not a substantial change of circumstance which would support a reduction of agreed alimony.
In all other respects, I agree with the majority opinion.