NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JURATE KLIZAITE DOWELL,⁣ )
)
Appellant, )
)
v. )
) Case No. 2D18-4420
MANTAS KNORAS, )
)
Appellee. )
⁣_____ )


Opinion filed May 3, 2019.

Appeal from the Circuit Court for Collier
County; Scott H. Cupp, Judge.

Elizabeth A. Wolt of Law Offices of
Elizabeth A. Wolt, P.A., Naples, for
Appellant.

Toni A. Butler of Alderuccio & Butler,
LLC, Naples, for Appellee.


SLEET, Judge.

Jurate Klizaite Dowell challenges the trial court's contempt order entered against her in Mantas Knoras' action for determination of paternity of the minor child Ms. Dowell and Mr. Knoras share. In its contempt order, the court found Ms. Dowell to be in contempt for violating a standing order of the court by moving the minor child from Collier County to Tampa without the court's permission. However, the unrefuted

evidence presented below establishes that Ms. Dowell had moved her child before she was served with the court's standing order. Accordingly, we reverse.

When the minor child was born in 2011, Ms. Dowell and Mr. Knoras were living together as a family. However, they separated in 2016 and, at that time, agreed to a timesharing schedule without the aid of the courts. Ms. Dowell has never disputed that Mr. Knoras is the father of the minor child.

At some point, Ms. Dowell, who ran a business in Naples, began talking of moving with the child to Tampa in order to grow her business. Shortly thereafter, Mr. Knoras filed his petition for determination of paternity on June 26, 2018, asking the court to enter a parenting plan and timesharing schedule. On the same day that Mr. Knoras filed his petition, Ms. Dowell informed him that she was moving out of her apartment in Naples, but she did not specify that she was moving out of Naples to Tampa.

Ms. Dowell was served with the paternity petition and the trial court's Standing Temporary Domestic Relations Order at her address in Naples on June 30, 2018. The standing order included the following directive: "Neither party will remove, cause to be removed, nor permit the removal of any minor children of the parties from their current county of residence for residential purposes without written agreement of both parties or Court order."

Ms. Dowell did not give Mr. Knoras her new address, and on July 25, 2018, he left for a planned visit to his family in Lithuania. He returned on August 13, 2018, and contacted Ms. Dowell, who then told him that she and the minor child had moved to Tampa and would be staying there. Mr. Knoras then filed his First Motion for Contempt and Enforcement, in which he alleged that Ms. Dowell violated the trial court's standing order by moving the child out of Collier County. Following a hearing, the trial

court entered an order granting the motion, holding Ms. Dowell in contempt for violating the standing order and ordering the minor child returned to Collier County. In its order, the trial court made the specific factual findings that Ms. Dowell was served with the standing order on June 30, 2018, and that "[s]ubsequently, [she] relocated the minor child to Tampa, FL."

On appeal, Ms. Dowell argues that the evidence presented was insufficient to support a finding that she violated the standing order because the evidence established that she moved to Tampa before she was served with the paternity petition and standing order on June 30, 2018. We agree.

Although the undisputed evidence presented below was that Ms. Dowell was served in Naples on June 30, the evidence also established that she had already moved to Tampa by June 29. At the contempt hearing, Ms. Dowell testified that she had closed on a home in Tampa on June 29; that the electricity and water had been turned on at the Tampa residence on June 27; that all of her belongings and those of her current boyfriend and the minor child had already been moved to Tampa by the time she was served in Naples; and that she was only in Naples on June 30 to clean out the apartment she had rented there and to return the keys to the landlord.

Furthermore, Mr. Knoras, as the movant, presented no evidence to show that Ms. Dowell moved to Tampa after she was served with the standing order. As such, the only evidence presented below established that Ms. Dowell had moved to Tampa at the latest by June 29 and that at that time, she had not yet been served with the standing order and was not subject to the requirement that she seek court approval before moving with her child.

- 3 -

As such, the trial court's finding that Ms. Dowell was in contempt of court for willfully violating the standing order is not supported by competent substantial record evidence, and we must therefore reverse.[1]  See Driggers v. Driggers, 127 So. 3d 762, 764 (Fla. 2d DCA 2013) (reversing order finding former husband in contempt for failure to pay alimony where former husband's evidence established an uncontemplated drop in income and former wife "failed to rebut Mr. Driggers' evidence" and stating that "[u]nder these circumstances, we must also conclude that the contempt order is unsupported by competent substantial evidence and constitutes an abuse of discretion"); Pearson v. Pearson, 932 So. 2d 601, 604 (Fla. 2d DCA 2006) ("Because the order of contempt is not supported by competent substantial evidence, we reverse.").

Reversed.

NORTHCUTT and BADALAMENTI, JJ., Concur.

---

[1]We find no merit in the other arguments raised by Ms. Dowell on appeal.